337 So.2d 418 (1976)
MUTUAL OF OMAHA INSURANCE COMPANY, Appellant,
v.
Fred J. EAKINS, Appellee.
No. 75-952.
District Court of Appeal of Florida, Second District.
September 24, 1976.
Stephen F. Myers, of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
James S. Moody, Jr., of Trinkle, Redman, Clawson, Alley & Swanson, Plant City, for appellee.
STOKES, ROBERT G., Associate Judge.
Appellant contends the court erred in entering a summary judgment to which we concur.
The facts reflect that in August, 1973, an agent of Mutual, Don Capelletti, met with the appellee, Fred J. Eakins to discuss an application for insurance. The meeting took place at the home of Mr. Eakins. Since Mr. Eakins has about a third grade *419 education and has difficulty reading, Don Capelletti read the questions from the application form and Mr. Eakins responded to the questions. Mr. Eakins explained about his medical condition and told the agent that he had been given a physical exam by Dr. Rizzo in 1972 for a gastritic stomach and, that Dr. Rizzo was presently treating him for "arthritic gout", and even showed Don Capelletti the pills that Dr. Rizzo had prescribed for him. Don Capelletti filled out the application for insurance and sent it in to Mutual, together with the first years premiums.
Two policies, # 100VBB-473050-73M being a health insurance policy and # 7VBS-479817073M being a disability policy, were issued to Mr. Eakins by Mutual on August 14, 1973. Subsequently, Mr. Eakins was injured on the job when a piece of plywood kicked out of a power saw hitting him in the stomach and caused a hernia. The hernia was repaired in January of 1974 and Mr. Eakins made claim for benefits under both policies at the end of that month. On or about July 3, 1974, after several demands for payment by Mr. Eakins, Charles Hughes, another Mutual agent, advised Mr. Eakins through his counsel, James S. Moody, Jr., that Mutual was disputing liability under the policies on the grounds of certain misrepresentations allegedly made by Mr. Eakins in his application for the aforementioned policies. At the same time, Charles Hughes tendered a refund of premiums to Mr. Eakins's counsel, James S. Moody, Jr., and the same were refused.
In August 1974, two premium notices for annual renewal premiums, one for each policy, were sent to Mr. Eakins from Mutual's Omaha, Nebraska, office. Mr. Eakins paid the premiums with two money orders. Said payments were received and accepted by Mutual on or before September 1, 1974.
After Mutual's continued delay in paying claims, Mr. Eakins filed suit for recovery of benefits under the terms of said policies on October 14, 1974. In January 1975, Mutual tendered all premiums previously paid to it by Mr. Eakins into the registry of the Court.
Appellee moved for summary judgment on the theory that by sending the renewal premium notices and accepting the premiums, Mutual had waived the right and was estopped to contest the validity of the policy. For purposes of the hearing on motion for summary judgment, the attorneys for both parties agreed that there was a material factual dispute on the issue of misrepresentation. Thus, the ruling below was predicated upon waiver and estoppel.
Summary proceedings under Florida Rules of Civil Procedure, 1.510(c) specifically provides: "... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law... ."
The function of the Court in passing on a motion for summary judgment is to determine whether there is a genuine issue of any material fact and not to determine any issues of fact. Therefore, factual issues may not be tried or resolved in such proceedings.
An insurer is not deemed to have waived its right to contest the validity of an insurance policy by the acceptance of a premium unless it is shown that it has acted with full knowledge of the facts. Johnson v. Life Ins. Co. of Georgia, Fla. 1951, 52 So.2d 813. Likewise, estoppel can only be invoked against an insurer when its conduct has been such as to induce action in reliance upon it. Reliance Mutual Life Insurance Company of Illinois v. Booher, Fla.App.2d, 1964, 166 So.2d 222. There is a reasonable inference in this record that the premium renewal notices were sent by mistake from a company office not involved in the contest of Mr. Eakins' policy. Cf. Schrader v. Prudential Insurance Company of America, 5th Cir.1960, 280 F.2d 355. The evidence is also susceptible of an inference that Mr. Eakins had reason to believe that the renewal notices had been sent by mistake and decided to pay the premiums in the hope *420 that their acceptance would create an estoppel. Of course, we do not by any means suggest that these are the only inferences which may be drawn.
Although it might well be that the trial judge could resolve these conflicts in favor of the appellee, this would involve an evaluation creditability process which is not an aspect of the summary judgment proceeding, Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780. It is also well established that the initial burden is on the movant to demonstrate the non-existence of a genuine issue of a material fact. To fulfill this burden he must offer sufficient admissible evidence to support his motion.
It is apparent that the evidence is in conflict, and the summary judgment proceeding could not properly be utilized.
Although we sympathize with the trial court's desire to expeditiously dispose of this case, a summary judgment was not the proper method to utilize in disposing of this matter.
Reversed with directions to proceed further in accordance with this opinion.
BOARDMAN, Acting C.J., and GRIMES, J., concur.