366 So.2d 482 (1979)
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,
v.
Bertha SEABROOK, Appellee.
No. II-199.
District Court of Appeal of Florida, First District.
January 11, 1979.
*483 John D. Buchanan, Jr., of Henry, Buchanan, Mick & English, Tallahassee, for appellant.
Jackson G. Beatty and W. Ralph Durrance, Jr., Tallahassee, for appellee.
McCORD, Chief Judge.
Appellant, Prudential Insurance Company of America (Prudential), appeals a final judgment in favor of appellee, Bertha Seabrook, ruling that she is entitled as beneficiary to the proceeds of an insurance policy written by Prudential. We affirm.
The evidence shows that in June, 1974, Prudential issued a life insurance policy to appellee's husband (decedent), and he paid the premium for the month of June. By the terms of the policy, premiums were due on the first day of each month. It provided for a 31-day grace period during which the policy would remain in force and an overdue premium could be paid. The policy provided that if payment was not made by the end of the 31-day grace period, the policy would terminate, but that it could be reinstated if the insured signed a reinstatement form and paid all past due premiums. The reinstatement form receipt provided:
"This receipt is issued on the further condition that any check ... be good and collectible."
The decedent failed to pay the July premium, thereby activating the 31-day grace period. When he failed to pay by August 1, the policy lapsed according to its terms. Thereafter, the company and the local agent, Mayo, contacted the insured regarding reinstatement of the policy. On August 27, 1974, decedent signed a reinstatement form and gave Mayo a check for $139.20 (the July and August premiums) to reinstate the policy. The check was sent to Prudential's Jacksonville office where decedent's account was credited by computer. Thereafter, Prudential twice presented the check for payment, and both times it was returned for insufficient funds. Prudential then bought the check back from its depository bank on September 17, and on that date, it "flagged" decedent's subaccount. An interoffice memorandum form was sent to Prudential's billing section instruction that division to "lapse the policy according to usual normal lapse rules [on] 10-1-74."
The evidence shows that Prudential's representative, Mayo, continued to contact the decedent regarding payment of the check and that finally, on September 26 or 27, decedent agreed with Mayo that decedent would give Mayo the appropriate amount of cash to honor the check on September 30. However, on September 28, decedent accidentally drowned. Unaware of the drowning, Mayo visited decedent's place of employment *484 on September 30 to collect the cash. Mayo was then informed of the drowning. On October 1, Prudential mailed the uncancelled check back to decedent's widow, appellee, informing her that the policy had lapsed.
The trial court found that Prudential had waived its contract right to demand a good and collectible check before effecting reinstatement since Prudential had retained decedent's check and Prudential's agent, Mayo, had arranged with decedent for an alternative method of payment on September 30. The trial court in its judgment stated that it was persuaded by the evidence that had the decedent left the appropriate amount of cash for Mayo to pick up on September 30 and had Mayo not known of decedent's death, he would have taken the money and Prudential would have officially reinstated the policy.
We agree with the trial court that the policy was in effect when decedent died on September 28. The language used in Prudential's office memorandum indicates clearly that, for its own purposes, Prudential considered that the policy would not lapse until October 1. Consequently, logic mandates that even Prudential recognized that the policy had been reinstated after its lapse in August. Therefore, since the policy was not subject to lapse again until October 1, even under Prudential's view, it had not lapsed on September 28, when decedent died. Prudential's actions in this matter indicate its intent to waive the good and collectible check requirement before reinstating the policy after its August lapse. Instead of returning decedent's check to him and denying reinstatement, Prudential chose the alternative of retaining decedent's check as evidence of the debt and made other arrangements with decedent for payment. Prudential thereby extended credit to decedent for payment of the past due premiums. See Security Life and Trust Co. v. Jones, 202 So.2d 906 (Fla. 2 DCA 1967), and Veal v. Security Mutual Life Insurance Co., 6 Ga. App. 721, 65 S.E. 714 (1909).
In summary, as shown by its actions to keep decedent indebted to it and by its own memorandum admissions, Prudential waived, until September 30, its right to condition reinstatement of decedent's policy on a good and collectible check being tendered by decedent. Since that condition has been waived and since decedent complied with the other requirement for reinstatement in August, the policy was reinstated and was in effect until September 30, after which time it would have lapsed unless payment was made. Thus, at the time of death, the policy was in effect, and the beneficiary of the policy is due the proceeds.
Petition for rehearing, if filed, shall be filed within 10 days from the date hereof.
The decision of the trial court is AFFIRMED.
BOYER and SMITH, JJ., concur.