525 So.2d 507 (1988)
Miter John DUSICH, Jr., Appellant,
v.
Mack C. HORLEY, Eugene Dennis, the Hanover Manufacturing Co., and Dixie Insurance Company, Appellees.
No. 87-2281.
District Court of Appeal of Florida, Second District.
May 27, 1988.
Terence Matthews, Bradenton, for appellant.
*508 Vicky H. Pflug, of Dickinson, Shields & Carlton, P.A., Sarasota, for appellee, Dixie Ins. Co.
PARKER, Judge.
Dusich appeals and alleges the trial court erred in the entry of an order of summary judgment in favor of appellee Dixie Insurance Company (Dixie). Dusich had filed a breach of contract action under a policy of insurance for personal injury protection (PIP) benefits and uninsured motorist coverage. We agree the trial court erred and reverse.
On July 27, 1984, Dusich applied for and purchased automobile insurance from Dixie. The application for insurance contained the following provision: "If my premium remittance is not honored by the bank upon its first presentation by the company, no coverage will have been considered bound and this policy contract will be null and void." Dusich delivered a check for the first premium payment in the amount of $172 to Suncoast Insurance as an agent for Dixie. Dusich made the check payable to "Suncoats Ins" and, at the time, had sufficient funds in the bank to cover the amount of the check. Further, there was no evidence that Dusich issued the check in bad faith or that the check was worthless.
While the check was in the custody of Dixie or its agent, the check was altered to read payable to "Dixie Ins or Suncoast Ins." The check, bearing a bank date stamp of either "Aug. 1" or "Aug. 10," was returned marked "Not Paid." The reason that the bank returned the check does not appear in the record before this court.
On August 21, 1984, Dixie issued to Dusich a final policy of insurance effective July 27, 1984, with coverage for a period of one year. The policy's declaration page stated that the insured had paid $172 as a down payment. The same day that the policy was issued, Dusich made a claim under the policy for an automobile accident which occurred on August 20, 1984. Dixie processed the claim and as late as September 11, 1984, represented in documents relating to the claim that the policy was in effect.
It was not until September 7, 1984, that Dixie mailed a certified letter to Dusich advising him of the dishonored check. The letter stated that it was "formal notification that the ... policy is rescinded as of its inception and is considered null and void." The letter further stated, "For your protection, we recommend that you arrange for coverage elsewhere as soon as possible." This letter was followed by a notice of cancellation to Dusich dated September 24, 1984. There is no evidence in the record that Dusich had any knowledge of the returned check or that the policy was canceled until he received the September 7, 1984, letter. Dixie, relying upon the provision in the application for insurance concerning a dishonored check, refused coverage to Dusich.
Dusich filed suit against Dixie for breach of contract of insurance, and Dixie moved for summary judgment. Dixie alleged in the motion that Dusich's initial check submitted with the application was returned for insufficient funds and that neither Dixie nor its agents had ever received payment for the application for insurance. Dixie further alleged that the payment of the check was a conditional payment; therefore, the contract for insurance was void ab initio once the check was dishonored. Dusich filed an affidavit in opposition to Dixie's motion alleging that the policy was in effect at the time of the accident and that Dixie had made no attempt to notify Dusich that it had canceled the policy or that the bank had dishonored or returned the check as not paid. Dusich further alleged that he had no reason to believe the check would be dishonored, that the check was altered by either Dixie or its agent, and that confusion had occurred by the extraordinary time Dixie took before attempting to cash the check. Dusich pointed out in his affidavit that Dixie issued the policy on August 21, 1984, after Dusich's check had been dishonored by the bank and that Dixie was still processing Dusich's claim as of September 11, 1984. Following a hearing on Dixie's motion, the trial court entered a summary judgment for Dixie finding:
By the terms of the application for insurance no contract existed if plaintiff's check was not sufficient. Plaintiff's *509 check was returned for insufficient funds. Defendant is entitled to judgment as a matter of law.
It is a well-settled rule that a summary judgment should only be granted in the complete absence of a genuine issue of material fact. Holl v. Talcott, 191 So.2d 40 (Fla. 1966). It is clear that Dusich's affidavit in opposition to Dixie's motion for summary judgment raises the issues of waiver and estoppel. There must be a factual determination whether Dixie waived its right to treat the check as a conditional payment, and thereby waived the forfeiture provision in the application, by issuing a final policy which affirmatively stated that Dusich paid the down payment. An insurer, by its conduct, may waive its contractual right to demand a good and collectible check. Prudential Insurance Company of America v. Seabrook, 366 So.2d 482 (Fla. 1st DCA 1979). There must also be a factual determination whether Dixie is estopped from enforcing the forfeiture provision because of the amount of time Dixie held the check and took to notify Dusich that the bank returned the check. An insurer's holding of a check could be deemed unreasonable and constitute a ground for estoppel; likewise, an insurer's failure to notify an insured that a check had bounced could constitute a basis for estoppel. Security Life and Trust Co. v. Jones, 202 So.2d 906 (Fla. 2d DCA 1967), cert. denied, 209 So.2d 672 (1968).
The factual disputes in this case preclude summary judgment. Summary judgment is particularly unsuitable in those cases where the facts and circumstances indicate the possibility of waiver and estoppel. Parker v. Dinsmore Co., 443 So.2d 356 (Fla. 1st DCA 1983). We reverse the summary judgment and remand this matter for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL, A.C.J., and HALL, J., concur.