GARRETT, Judge.
On March 1, 1984, appellee issued a joint whole life policy to appellant and her husband. She was twenty-five, he was thirty.
For the first two years, the appellee automatically deducted premiums from the insureds’ joint checking account without incident. In May of 1986, a payment was returned for insufficient funds. On June 5, 1986, five days after expiration of the policy’s thirty-one day grace period, the appel-lee wrote the husband informing him of the nonpayment and advising immediate payment was necessary to prevent interruption of the insurance coverage. The letter contained an interoffice memorandum which stated, “If no action is reported, policy(s) will lapse week of 7-14-86.”
The husband died July 13, 1986. Appellant (not mentioning her husband’s death) telephoned appellee on July 14, 1986, and was told the premium payment was delinquent, but the policy was still effective if the late premium was paid immediately which the appellant did that day. Appellee retained the payment and resumed the automatic premium payments. On August 14, 1986, appellee denied appellant’s claim under the policy for her husband’s death.
Appellant brought suit on the theory of waiver and estoppel. The trial court granted summary judgment in favor of appellee as to all counts.
The appellant’s failure to mention her husband’s death, while controversial, did not alter what had transpired. If told of the death, the appellee most likely would have refused to accept the late payment and likewise denied the subsequent claim.
The appellee wanted immediate payment no later than the week of July 14, 1986, to continue coverage for the period which preceded the husband’s death and the appellant complied. The appellee should not be allowed to withdraw its offer when the facts changed after commencement of the time period covered by the late premium payment. The appellee should be estopped to deny coverage by its decision to extend the grace period and found to have waived its contractual right to lapse the policy and require compliance with the policy’s reinstatement clause before reinsuring. See Prudential Insurance Company of America v. Seabrook, 366 So.2d 482 (Fla. 1st DCA 1979).
Accordingly, we reverse and remand for further proceedings consistent herewith.
WALDEN, J., concurs.
HERSEY, C.J., dissents with opinion.