HERSEY, Chief Judge,
dissenting.
In Prudential Insurance Company of America v. Seabrook, 366 So.2d 482 (Fla. 1st DCA 1979), the insurance company was held to have waived the right to lapse the policy (as otherwise permitted by its terms) because of having entered into an agreement with the insured to extend credit for a past-due premium. All operative facts occurred prior to the death of the insured *788 and there was consideration for the extension of indebtedness.
In the present case there were no assurances made to the insured nor was there any consideration for an extension of the grace period. On the contrary, the grace period provided by the policy had expired when the beneficiary, long since divorced from the insured and remarried, sought out the insurance company and made an arrangement for reinstatement after the death of the insured. In doing so, she failed to mention the rather relevant fact that the insured was no longer insurable.
Under the circumstances, the inter-agency memo establishing an ultimate lapse date is not, in my judgment, binding as between these two parties. The momentum provided by any factors supporting estoppel is also in a direction opposite from coverage. Accordingly, I respectfully dissent.