669 So.2d 1114 (1996)
Sharon WOODRUFF, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY and USAA Property & Casualty Insurance, Appellee.
No. 94-4121.
District Court of Appeal of Florida, First District.
March 19, 1996.
*1115 David M. Lopez of Sims & DiLorenzo, P.A., Ocala, for Appellant.
Jennifer C. Cates of Monaco, Monaco & Birder, Gainesville, for Appellee.
PER CURIAM.
Sharon Woodruff appeals a final summary judgment in favor of appellee, USAA Property and Casualty Insurance Company, determining that she was not an insured under the terms of a policy of insurance issued by USAA to Donald Hal La Dez. Woodruff argues that the trial court erred in granting summary judgment since genuine issues of fact remain. Because Woodruff failed to present any evidence showing the existence of issues of material fact, we must affirm.
Woodruff's amended complaint sought to recover damages from USAA and Government Employees Insurance Co. (GEICO), alleging that she was entitled to uninsured motorist coverage as an insured under the terms of policies issued by USAA and GEICO. In its answer, USAA denied that Woodruff was an insured under its policy. USAA moved for summary judgment, contending that under the terms of its policy, Woodruff did not fall within the definition of either an "insured" or "family member" of an insured. As support for its motion, USAA filed and relied upon the affidavit of its underwriting district manager, the terms of its policy, and Woodruff's deposition testimony.
Woodruff filed a memorandum of law in opposition to USAA's motion, arguing that factual issues remained in the case concerning whether USAA should be equitably estopped from denying coverage. She filed no affidavit or other evidentiary matter, however, that would support her argument or create issues of fact with respect to USAA's contentions. In addition, the record does not reflect that Woodruff sought leave to amend her complaint to add a claim in equitable or promissory estoppel.
While it is true, as argued by Woodruff, that questions of waiver and estoppel typically involve fact issues inappropriate for summary judgment, Mutual of Omaha Ins. Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976); Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560 (Fla. 4th DCA 1972), the party opposing a motion for summary judgment must present evidence, not simply legal argument, demonstrating the existence of a disputed issue of material fact. Where a movant for summary judgment (here, USAA) offers sufficient evidence to support its claim of the nonexistence of material fact, the opposing party (here, Woodruff) must demonstrate the existence of disputed issues of fact either by presenting evidence of countervailing facts or justifiable inferences from the *1116 facts presented. If the opposing party fails to present such evidence, summary judgment may be entered in favor of the moving party. See, Fleming v. Peoples First Financial S & L Assoc., 667 So.2d 273 (Fla. 1st DCA 1995); DeMesme v. Stephenson, 498 So.2d 673 (Fla. 1st DCA 1986).
Here, while Woodruff argues that facts support her cause of action for promissory estoppel, her amended complaint makes no mention of a cause of action based on promissory estoppel, she did not seek leave of the trial court to file an amended complaint stating such a cause of action, and no evidence is in the record that might establish facts that would support such a cause of action. In short, she provided no basis on which the trial court might have ruled in her favor.
AFFIRMED.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.