822 So.2d 575 (2002)
George SCHEIBE and Kayna Scheibe, Appellants,
v.
BANK OF AMERICA, N.A., Appellee.
No. 5D01-1281.
District Court of Appeal of Florida, Fifth District.
August 2, 2002.
Jack D. Hoogewind, Dade City, for Appellants.
Ronald B. Cohn and Kim Hernandez Vance of Cohn, Cohn & Hendrix, P.A., Tampa, for Appellee.
SAWAYA, J.
The mortgagee, Bank of America, N.A., (the Bank) filed a mortgage foreclosure action against the mortgagors, George and Kayna Scheibe (the Scheibes). The trial court entered summary judgment in favor of the Bank and awarded it attorney's fees and court costs. The Scheibes appeal and raise several issues, one of which is that the trial court erred in entering final summary judgment because disputed issues of material fact exist. We agree and reverse.
In Krol v. City of Orlando, 778 So.2d 490, 491-92 (Fla. 5th DCA 2001), this court enunciated the appropriate standard of review that must be applied to appellate review of a summary judgment:
The proper standard of review of a summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000); Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000). In order to determine the propriety of a summary judgment, this court must resolve whether there is any "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Generally, "[t]he party moving for summary judgment has the burden to prove conclusively the nonexistence of any genuine issue of material fact." City of Cocoa v. Leffler, 762 So.2d 1052, 1055 (Fla. 5th DCA 2000) (citing Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966)). We must consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the nonmoving party, the Appellants, and if the slightest doubt exists, the summary judgment must be reversed. See Sierra.

Our thorough review of the record reveals that material issues of fact exist that require reversal of the summary judgment entered by the trial court. For example, the Scheibes raised waiver and estoppel as affirmative defenses. Although summary judgment may be properly entered in some cases where waiver and estoppel are raised as affirmative defenses, generally "questions of waiver and estoppel typically involve fact issues inappropriate for summary judgment...." Woodruff v. Government Employees Ins. Co., 669 So.2d 1114, 1115 (Fla. 1st DCA 1996) (citing Mutual of Omaha Ins. Co. v. Eakins, 337 So.2d 418 (Fla. 2d DCA 1976); Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560 (Fla. 4th DCA 1972)); Consortion Trading Int'l, Ltd. v. Lowrance, 682 So.2d 221, 222 (Fla. 3d DCA 1996) ("In the instant case, final summary judgment was not appropriate where the defendants had properly pled affirmative defenses to the foreclosure action that sounded in waiver, estoppel, and bad faith. These defenses raised genuine issues of material fact...."); Dusich v. Horley, 525 So.2d 507, 509 (Fla. 2d DCA 1988); Parker *576 v. Dinsmore Co., 443 So.2d 356, 358 (Fla. 1st DCA 1983) ("Summary judgment is particularly unsuitable in those cases where `the facts and circumstances indicate a possibility of an estoppel or a waiver.'") (quoting 22 Fla. Jur.2d Estoppel and Waiver § 9 (1980) (emphasis supplied)) (citing Macina v. Magurno, 100 So.2d 369, 373 (Fla.1958)).
Accordingly, we reverse the summary judgment rendered in favor of the Bank and remand for further proceedings.
REVERSED and REMANDED.
PLEUS and ORFINGER, R.B., JJ., concur.