# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-0930

_____

TIMOTHY BRADLEY, M.D.,

    Appellant,

    v.

FORT WALTON BEACH MEDICAL
CENTER, INC.,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

December 27, 2018

PER CURIAM.

Appellant, a hand and plastic surgeon, raises six issues in his appeal of a number of the trial court's orders stemming from a breach of contract case against Appellee, Fort Walton Beach Medical Center ("the Hospital"). Although we affirm as to all issues, we write briefly to address the Hospital's Motion for Summary Judgment.

This case arose from a lease agreement between Appellant and the Hospital, pursuant to which Appellant was to rent medical space a few days a week and, in return, pay the Hospital a monthly rent. The Hospital sued Appellant for breach of contract, alleging he failed to pay the monthly sums. Appellant filed an Amended Answer raising thirteen affirmative defenses as well as a number of counterclaims. In response, the Hospital filed a Motion for

Summary Judgment. Following a hearing, the trial court granted summary judgment in part, which effectively precluded Appellant from asserting any affirmative defenses and counterclaims at trial other than those strictly related to the breach of the written contract. At trial, the jury found in favor of the Hospital and awarded damages. Appellant filed this appeal challenging, among other issues, the trial court's partial grant of the Hospital's request for summary judgment.

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130-31 (Fla. 2000) (internal citation omitted); *ATC Logistics Corp. v. Southeast Toyota Distributors, LLC*, 188 So. 3d 96, 99 (Fla. 1st DCA 2016).

In the summary judgment context, the movant initially tenders "competent evidence to support the motion." *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979). To oppose the motion, a party "'must come forward with counterevidence sufficient to reveal a genuine issue.'" *The Fla. Bar v. Mogil*, 763 So. 2d 303, 307 (Fla. 2000) (quoting *Landers v. Milton*, 370 So. 2d 368, 370 (Fla. 1979)). "It is not enough for the opposing party merely to assert that an issue does exist." *Id.* "[T]he existence of disputed issues of fact must be demonstrated by either presenting evidence of countervailing facts or justifiable inferences from the facts presented." *Woodruff v. Gov't Emps. Ins. Co.*, 669 So. 2d 1114, 1115-16 (Fla. 1st DCA 1996); s*ee also Fla. Bar v. Tipler*, 8 So. 3d 1109, 1117 (Fla. 2009). Here, Appellant is required to do more than generally disagree. *Mogil*, 763 So. 2d at 307. Appellant's general allegations and legal argument do not constitute evidence of disputed issues of material fact. Accordingly, he failed to meet his burden. *See also Woodruff*, 669 So. 2d at 1115.

For these reasons, the trial court's partial granting of the Hospital's Motion for Summary Judgment is AFFIRMED.

JAY and M.K. THOMAS, JJ., concur; WINSOR, J., concurs in judgment.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jeffrey M. Stephens of the Stephens Law Firm, P.A., Destin, for Appellant.

Walter J. Tache and Ivonne Barroso of Tache, Bronis, Christianson, and Descalzo, P.A., Miami, for Appellee.