354 So.2d 925 (1978)
Charles A. ALARIO and Syndicated Cinemas, Inc., a Florida Corporation, Appellants,
v.
Fred H. MILLER and Monica F. Miller, His Wife, Appellees.
No. 77-29.
District Court of Appeal of Florida, Second District.
February 1, 1978.
L. Norman Vaughan-Birch of Kirk, Pinkerton, McClelland, Savary & Carr, Sarasota, for appellants.
Allen J. Levin, Port Charlotte, for appellees.
BOARDMAN, Chief Judge.
Appellants, Charles A. Alario and Syndicated Cinemas, Inc. (Syndicated), appeal a final judgment rendered in favor of appellees, Fred and Monica Miller, in the sum of $8,900. We reverse.
*926 Appellees in their individual capacity filed suit against Alario and Syndicated seeking a judgment for damages. Appellees were stockholders of twenty shares of the stock of Englewood Syndicated Cinemas, Inc. (Englewood). The remaining eighty shares of stock of Englewood were owned by Syndicated. Alario was at all pertinent times the president, chairman of the board of directors, and chief executive officer of both Englewood and Syndicated. Appellees alleged negligence, breach of fiduciary duty, corporate mismanagement and misappropriation of the corporate assets of Englewood, and fraud by Alario. They alleged that as a proximate result of the wrongful acts of appellants, Englewood had been rendered virtually insolvent and appellees' investment rendered worthless. Englewood was not a party to this suit.
The threshold question for our determination is whether appellees have a cause of action in their own right or whether their cause of action is derived from the corporation's right to bring the action. It is the body of the complaint which determines whether the injury is direct as to the stockholder and the cause of action individual to him or is indirect as to the stockholder and the cause of action derivative from the corporation. 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5912 (rev. ed. 1970). We have carefully examined the record and have concluded that the gravamen of appellees' action, that is the nature of the injuries alleged and the wrongs sought to be remedied, is a stockholder's derivative action and not an individual action.[1]See Gadd v. Pearson, 351 F. Supp. 895 (M.D.Fla. 1972).
There is a clear and necessary distinction between an individual action and a derivative one. The general rule is stated in 19 Am.Jur.2d Corporations § 528 (1965).
A stockholder's derivative action is an action brought by one or more stockholders of a corporation to enforce a corporate right or to prevent or remedy a wrong to the corporation in cases where the corporation, because it is controlled by the wrongdoers or for other reasons, fails and refuses to take appropriate action for its own protection. An action brought by a stockholder is derivative if the gravamen of the complaint is injury to the corporation or to the whole body of its stock or property and not injury to the plaintiff's individual interest as a stockholder.
This court in Citizens National Bank v. Peters, 175 So.2d 54 (Fla. 2d DCA 1965) held that:
A Florida court has defined a derivative suit as an action in which a stockholder seeks to enforce a right of action existing in the corporation. See James Talcott, Inc. v. McDowell, Fla.App. 1962, 148 So.2d 36. Conversely, a direct action, or as some prefer, an individual action, is a suit by a stockholder to enforce a right of action existing in him.

.....
What these definitions attempt to convey is that a stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders. If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation.
Citizens National Bank, supra, at 56. If the damages are only indirectly sustained by the stockholder as a result of injury to the corporation, the stockholder does not have a cause of action as an individual. See 13 W. Fletcher, Cyclopedia of the Law of Private Corporations §§ 5911, 5924, 5926, 5928 (rev. ed. 1970).
*927 In view of our conclusion that the thrust of appellees' action is derivative, appellees by filing this action as individuals misconceived their remedy. For with respect to a stockholder's derivative action:
The action is not to establish a personal right. Stockholders are permitted to sue ex necessitate rei, and although by the record the corporation may be made a party defendant, the stockholder bringing the action is in fact its representative. Otherwise than in name the action is by the corporation, and if relief be obtained it belongs, not to the stockholder bringing the action, but to the corporation. The cause of action belongs to the corporation and not to the stockholders individually or collectively, and hence the decree ordinarily must award relief to the corporation rather than to the actual plaintiff.
13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5953 (rev. ed. 1970).
The corollary of these principles of law is that in a derivative action the corporation on behalf of which the stockholders sue is an indispensable party, and the court has no jurisdiction to adjudicate the rights of that corporation in its absence as a party, as was the case here.
The corporation is a necessary defendant. In other words, the corporation on behalf of which plaintiffs sue must be made a party defendant so that a decree may appropriately give the corporation the fruit of any recovery by the plaintiffs. The corporation is not merely a proper party, but is an essential, indispensable party, and the failure to make the corporation a party is not a mere defect of parties but leaves the stockholder without a cause of action and the court without jurisdiction. (Emphasis added.)
13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5997 (rev. ed. 1970). See 19 Am.Jur.2d Corporations § 572 (1965). It follows that entry of final judgment in favor of appellees in the case before us is contrary to law and constitutes reversible error.
With due respect to the trial judge the issue of the lack of an indispensable party was not raised in the trial court nor did either party argue the point on this appeal. Nevertheless, this issue may be raised for the first time on appeal, and we do so sua sponte. See Martinez v. Balbin, 76 So.2d 488 (Fla. 1954); McAdoo v. Moses, 101 Fla. 936, 132 So. 638 (1931); Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972).
Accordingly, the final judgment is reversed without prejudice to appellees to institute a derivative action.
REVERSED.
HOBSON and RYDER, JJ., concur.
NOTES
[1] Appellees' allegations of fraud are intertwined with the other allegations and only arguably constitute an individual cause of action. We need not treat this point, however, because our review of the record indicates that the cause of action was not proved and that the judgment was not based on fraud, but if it had been, the judgment would be reversible for failure to carry the burden of proof.