ON REHEARING
BERANEK, Judge.
This is an appeal from a final judgment in a stockholder’s derivative suit which also involved a counterclaim. The parties agree that the main suit below was a derivative action wherein one stockholder was suing “on behalf of” the corporation to enforce a corporate right. The defendant/appellant in the action was another stockholder in the corporation who defended and counterclaimed. No attempt was made to name the corporation as a party in the action by plaintiff. Plaintiff instead simply took the position in resisting motions to dismiss for failure to join an indispensable party that any money awarded in the lawsuit was recovered “on behalf of the corporation” and would be given to the corporation. The trial court denied the defendant’s repeated motions to dismiss for failure to join an indispensable party and after jury trial rendered final judgment in favor of the individual plaintiff and against defendant on the counterclaim. Although the corporation was never made a party to the action, the final judgment contains the words “on behalf of’ the corporation. The record indicates the. corporation was available and amenable to service of process. Indeed, plaintiff was the president of the corporation and could have accepted service of process on behalf of the corporation. Section 48.081(l)(a), Florida Statutes (1979).
The law on this subject is clear. In a stockholder’s derivative action, the corporation on whose behalf the action is brought is an indispensable party. The absence of the corporate defendant as at least a nominal party serves to divest the court of jurisdiction as to this aspect of the case. See Alario v. Miller, 354 So.2d 925 (Fla. 2d DCA 1978), and the authorities cited therein. This issue was repeatedly raised before *724 the trial court. The final judgment on the corporate claim is reversed as is the later order assessing attorneys’ fees. The matter is remanded to the trial court for further proceedings. The counterclaim was between the individual parties over whom the court did have jurisdiction and the final judgment on this claim is affirmed.
REVERSED AND REMANDED.
RIVKIND, LEONARD, Associate Judge, concurs.
ANSTEAD, J., dissents with opinion.