**In re KRESS ROAD PARTNERSHIP, Debtor.**

**KRESS ROAD PARTNERSHIP, Plaintiff,**

**v.**

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ELGIN, et al., Defendants.**

**Bankruptcy Nos. 90 B 05776, 90 A 0242.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 3, 1991.

---

F. Dean Armstrong of F. Dean Armstrong, P.C., Flossmoor, Ill., for plaintiff.

Ray Ostler of Gombert, Sharfman, Gold & Ostler, P.C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Chief Judge.

This matter is before the court on the motion of Kress Road Partnership ("Kress Road" or "Partnership") for reconsideration of the court's Memorandum Opinion and Order dated September 25, 1991, 134 B.R. 301, (hereinafter referred to as "September Opinion and Order") in which the court granted the defendant's, First Federal Savings & Loan Association of Elgin's ("First Federal"), motion to dismiss counts one, four, five and six of Kress Road's First Amended Complaint and Jury Demand ("Complaint"). Kress Road requests that the court reconsider its September Opinion and Order and deny First Federal's motion to dismiss. For the reasons stated herein, the court, after reconsidering its September Opinion and considering the memoranda filed, denies Kress Road's motion.

## FACTS AND BACKGROUND

All the relevant facts and background are contained in the September Opinion. In that opinion, this court dismissed counts

one, four, five and six of Kress Road's Complaint because those counts failed to state a cause of action upon which relief could be granted. The September Opinion and Order were entered on the docket on September 30, 1991, and accordingly became effective that date pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021. Kress Road's motion requesting that the court reconsider its September Opinion and Order was timely filed on October 9, 1991.

In support of its motion, Kress Road argues that the court erred by only addressing the issue of whether First Federal had a duty to examine the terms of Kress Road's limited partnership agreement ("Partnership Agreement"). According to Kress Road, the court should have also considered whether First Federal was on notice of self-dealing on the part of Francis Callaghan ("Callaghan") and Louis Ross ("Ross") sufficient to lead a reasonable person to inquire into the circumstances surrounding the making of the loan in question, including seeking out and examining the Partnership Agreement.

## DISCUSSION

■ Kress Road's motion for reconsideration is not recognized as a proper motion under either the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") except as provided by Bankruptcy Rule 3008 which allows reconsideration of orders allowing or disallowing claims against the estate. *In re BNT Terminals, Inc.,* 125 B.R. 963, 976 (Bankr.N.D.Ill.1990). This adversary proceeding concerns the validity of First Federal's lien against ten acres of improved real estate owned by the Partnership that are located in DuPage County ("Property"), not the allowance or disallowance of a claim. Nevertheless, because Kress Road filed its motion to reconsider within the time permitted, the court will consider its motion as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure made applicable to this case by Bankruptcy Rule 9023. *Charles v. Daley,* 799 F.2d 343, 347 (7th Cir.1986); *Western Industries, Inc. v.*

*Newcor Canada Limited,* 709 F.2d 16, 17 (7th Cir.1983); *BNT Terminals* at 977.

■ The purpose of a motion to alter or amend "... is not to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment" but to provide a procedure by which a court can correct manifest errors of law or fact, or consider newly discovered evidence. *BNT Terminals* at 977; *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). Therefore, at a minimum, Rule 59(e) requires the moving party to present newly discovered evidence or identify a manifest error of law or fact. *BNT Terminals* at 977.

■ In this case, Kress Road contends that the court made a manifest error of law by inquiring into whether First Federal had a duty to examine the terms of the Partnership Agreement without first determining whether there was sufficient evidence of self-dealing on the part of Callaghan and Ross to put First Federal on inquiry notice that Callaghan and Ross had no authority under the Partnership Agreement to direct the Chicago Title and Trust Company ("CT & T" or "Trustee") to execute, as land trustee, a mortgage note ("Mortgage Note") and a mortgage ("Mortgage") on the Property. (Kress Road's Motion For Reconsideration Of The Court's September 25, 1991 Memorandum Opinion at 1–2). Contrary to Kress Road's assertion, the court did consider whether the facts pleaded and documents supplied supported a determination that First Federal was placed in a position which required it to thoroughly examine Callaghan and Ross' authority to act and determined that there was no "... action that would lead this court to conclude that First Federal is anything other than a bona fide lender ..." (September Opinion, 134 B.R. at 308).

Under the Amended Trust Agreement, CT & T took legal and equitable title to the Property and had the power to execute the Mortgage Note and Mortgage. (Complaint, Ex. C). First Federal had no duty to

inquire into the authority of any party other than CT & T because the deed in trust, which listed CT & T as title holder of the property, was the only document recorded. See Henry W. Kenoe, *Kenoe On Land Trusts* 1.1, 2.2 (Ill.Inst. for CLE 1989). Because the transaction between CT & T and First Federal was an arm's length transaction, First Federal had a right to rely on CT & T's decision to execute the Mortgage Note and Mortgage. First Federal's right to rely on the Trustee's decision is further supported by the fact that First Federal received a copy of the title insurance policy. Despite this, the court will consider allegations that Kress Road claims put First Federal on inquiry notice that Callaghan and Ross lacked authority to direct CT & T to execute the Mortgage Note and Mortgage.

■ Kress Road makes a series of allegations that it contends put First Federal on notice of self-dealing by Callaghan and Ross which in turn put First Federal on inquiry notice of Callaghan and Ross' lack of authority under the Partnership Agreement to direct CT & T to execute the Mortgage Note and Mortgage. According to Kress Road, a reasonable person on notice of the alleged self-dealing would further inquire into Callaghan and Ross' authority under the Partnership Agreement. (Kress Road's Motion For Reconsideration at 5). However, Kress Road's allegations do not put First Federal on notice of self-dealing because all of the allegations are either untrue or immaterial.

Kress Road alleges that the loan made by First Federal was made to Callaghan and Ross individually. (Kress Road's Motion for Reconsideration at 3). Kress Road states that this allegation is supported by language in the September Opinion. (Kress Road's Motion For Reconsideration at 3). However, the portion of the September Opinion that Kress Road refers to is taken out of context. The court referred to the loan as having been made to Callaghan and Ross because it was describing the facts as they were alleged in the Complaint. (September Opinion 134 B.R. at 304). The court was not making a conclu-

sion as to whom the loan was made. To whom the loan was made was considered later in the opinion where the allegation that the loan was made to Callaghan and Ross individually was dismissed by the court because:

Though the Mortgage Note names ... Callaghan and Ross individually, together with the Trustee as "Makers," the Mortgage Note itself shows that only the Trustee signed the Mortgage Note. Under Illinois law, only the party signing a note is considered the "maker." *See, e.g., Midwest Bank & Trust Co. v. Roderick,* 132 Ill.App.3d 463, [87 Ill.Dec. 334] 476 N.E.2d 1326 (1st Dist.1985); *Alton Banking & Trust Co. v. Sweeney,* 135 Ill.App.3d 96, [89 Ill.Dec. 926] 481 N.E.2d 769 (5th Dist.1985); *Blackhawk Production Credit Assn. v. Bay,* 69 Ill. App.3d 239, [25 Ill.Dec. 726] 387 N.E.2d 382 (2d Dist.1979). (September Opinion 134 B.R. at 308 n. 8).

Kress Road also attempts to support its allegation that the loan was made to Callaghan and Ross individually with a statement from First Federal's Vice President, John Hecht, in which he refers to the loan as having been made to Callaghan and Ross. (Kress Road's Motion For Reconsideration at 3; Complaint, Affidavit of John Hecht, Ex. G). Mr. Hecht's characterization of the loan is of no consequence in light of the court's determination in the September Opinion that the loan was made to CT & T, not Callaghan and Ross individually.

Kress Road also argues that First Federal was put on notice of self-dealing because the Mortgage Note states that the loan is to be further secured by an assignment to First Federal of Kress Road's beneficial interest in the land trust but no such assignment was ever made. (Kress Road's Motion For Reconsideration at 4). This does not indicate self-dealing on the part of Callaghan and Ross because the loan was already secured by the Mortgage and any assignment of Kress Road's interest in the land trust was additional security. First Federal's waiver of its right to receive this additional security can and should be con-

sidered as no more than a waiver of the right to receive this security.

 In addition, Kress Road contends that First Federal was on notice of self-dealing by Callaghan and Ross because it never acquired a certificate of good standing for Callaghan and Ross Development Corporation ("CRDC") or a corporate resolution authorizing the loan or authorizing Callaghan and Ross to make the Mortgage Note. (Kress Road's Motion For Reconsideration at 4). The lack of these documents did not put First Federal on notice of self-dealing because neither document was required in order for First Federal to make the loan at issue. The Trustee was apparently sufficiently satisfied with the authority of Callaghan and Ross so that it executed and delivered the Mortgage Note and Mortgage to First Federal. There was no reason for First Federal to ask for more authority because it had the signature of the owner where it was needed.

Finally, Kress Road has once again alleged that First Federal did not obtain a title insurance policy. (Kress Road's Motion For Reconsideration at 4). As this court stated in its September Opinion, the court will not consider this allegation because First Federal did in fact receive a title insurance policy of even date with the recording date of the Mortgage. (September Opinion, 134 B.R. at 304).

 Kress Road also argues that the actions of CRDC were void because it had lost its corporate charter. This argument fails in the present case because it goes more to why the Trustee executed and delivered the Mortgage Note and Mortgage than why First Federal made the loan and relied upon the documentation. In addition to this defect, this argument fails because Callaghan and Ross continued to hold out CRDC as a viable corporation without any objection from Kress Road. Also, Callaghan and Ross were able to bind the Partnership as its general partners under the name of CRDC if for no other reason than the failure of the limited partners to replace CRDC as was provided for in the Certificate of Limited Partnership. (First Federal's Response to Kress Road's Motion to Reconsider at 5, Ex. 1). Having relied on and acquiesced to CRDC's actions in the past, Kress Road could well be estopped from claiming that CRDC's actions are now void.

Kress Road's motion raises no issues or legal theories that were not considered in the court's September Opinion. The court found in the September Opinion, as it does here, that the allegations by the plaintiff, Kress Road, fail to state a cause of action because, taken as a whole, they are not sufficient to put First Federal on any notice of self-dealing by Callaghan and Ross or their lack of authority to direct CT & T to execute the Mortgage Note and Mortgage. It is the opinion of the court that First Federal remains a bona fide lender.

## CONCLUSION

For the reasons stated above, Kress Road's motion to reconsider is denied.