[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
The plaintiffs in this action have filed a twenty-one count complaint against the defendants which complaint involves two closely held corporations, Genitron, Inc. (Genitron) and Trico Trucking, Inc. (Trico). The plaintiffs and the defendants are all shareholders of Genitron, and with the exception of Richard Peterson and Joseph Braca, shareholders of Trico.
The defendants have filed a motion to strike the sixteenth seventeenth, eighteenth, nineteenth, twentieth and twenty-first counts of the complaint, along with the claims for punitive damages and attorney's fees contained in the claims for relief.
In the sixteenth, seventeenth, and eighteenth counts, the plaintiffs allege that Genitron signed a contract with the Town of Stratford and Aerimpianti, a corporation, for the construction and operation of a refuse burning plant (Trico was CT Page 11472 to perform refuse hauling), In connection therewith, Genitron was required to deposit $250,000.00 with the Town of Stratford and $262,500.00 with Aerimpianti. It is further alleged that certain contractual disputes arose and were subsequently to be resolved depending at least in part, upon mutual releases being executed and Genitron was to have the above deposits returned to it. It is alleged that Stratford and Aerimpianti insisted that the releases be signed by all Genitron shareholders.
The plaintiffs further claim that the deposits are the only assets of Genitron and the repayment thereof will enable Genitron to pay its creditors and repay certain loans made by shareholders to the corporation. The plaintiffs claim that the defendants have refused to sign the releases unless they receive $105,500.00 of the proceeds of the deposits. The plaintiffs allege that such payment to the defendants, if made, would make the plaintiff shareholders liable to pay corporate creditors out of their shall of the settlement. The plaintiffs also allege that the action of the defendants in refusing to sign the releases, have exposed Genitron to costly litigation.
The defendants are alleged to be members of Genitron's Board of Directors and the plaintiffs claim a breach of fiduciary duty by the defendants, and a breach of duty to deal in good faith, as to the plaintiff shareholders.
The defendants move to strike counts sixteen, seventeen, and eighteen on the basis that the plaintiffs are seeking to enforce a right and assert a cause of action which belongs solely to the corporation itself, Genitron. The claim is made that the plaintiffs have not alleged a loss separate and apart from that suffered by them as shareholders. The plaintiffs object to the motion and as to the above counts claim that they, as shareholders, have suffered an individual loss and are entitled to briny the suit in their own names. The court agrees with the argument of the defendants.
The effect of the counts in dispute is to allege that the wrongful acts of the defendants have prevented the deposit money from being returned to the corporation, or if it is to be returned, less the sum of $105,500.00, all of which affects the ability of the corporation to pay its creditors and repay shareholder loans. Certainly, the alleged acts of the defendant can be said to result in harm to the plaintiff shareholders in their capacity as such, but not in a fashion that is separate and CT Page 11473 distinct therefrom. The deposit money could not be returned by Stratford and Aerimpianti directly to the individual shareholder but rather to the corporation.
It is only where the loss suffered by the plaintiff shareholders is separate and distinct from that of the corporation, or from that of the other shareholders, does that shareholder have the right to seek redress in a personal capacity for the wrong done to him individually. Yanow v. Tea Industries, Inc. 178 Conn. 262, 282 (1979). Where the damages claimed are only indirectly sustained by the stockholder as result of injury to the corporation, the stockholder does not have a cause of action as an individual, Alario v. Miller, (Fla.App. ) 354 So.2d 925 (1978). Nor does the right to sue as an individual exist, merely because the misconduct is charge against the defendants as individuals and not as corporate officers. Fletcher Cyc. Corp. sec. 5911 (Perm. Ed.)
Since the harm alleged by the plaintiffs is not separate and distinct from the corporation but rather flows to them indirectly as shareholders, the motion to strike is granted as to count sixteen, seventeen, and eighteen.
Counts nineteen, twenty, and twenty-one repeat the allegations of counts sixteen, seventeen and eighteen, and further allege that the dispute involving Stratford, Aerimpianti Genitron and Trico involved trade and commerce. The plaintiff allege that the actions by the defendants are an unfair trade practice pursuant to Conn. Gen. Stat. 42-110b (CUTPA). The defendants claim that such counts fail to state a cause of action under CUTPA because; (1) the plaintiffs have not alleged that the acts or practices complained of occurred in the conduct of "trade or commerce," (2) the plaintiffs have not alleged any unfair of deceptive acts as set forth in the caselaw criteria, and (3) they have not alleged any substantial injury. Because the court agrees with the first ground of the defendants' motion as to the CUTPA counts, it is unnecessary to reach the remaining two.[1]
 "Trade" and "commerce" means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any of the article, commodity, or thing of value in CT Page 11474 this state. C.G.S. sec. 42-110a(4).
The conduct of the defendants which the plaintiffs claim constitutes an unfair trade practice arises not from trade of commerce involving third parties, but rather from an intercompany dispute among shareholders. Clearly the plaintiffs as one group of shareholders, cannot be said to be engaged in trade of commerce with the defendants, as a second group of shareholders in the same corporation. See C. G. S. 42-110b(a).
The motion to strike counts nineteen, twenty, and twenty-one is granted.
Finally, the defendants move to strike the claims for attorney's fees and punitive damages from the complaint's prayer for relief. In light of the above rulings, this issue must be analyzed on the basis of the allegations contained only in count one through fifteen of the complaint.
Essentially, those counts deal with both Genitron and Trico and allege that the plaintiffs and defendants are stockholders to varying extents, in each corporation. It is further allege that the parties agreed in writing and orally to loan funds to each corporation for operational purposes. The plaintiffs allege that they have fulfilled their obligations under those agreements, and furthermore, that each of them have paid money to the corporations, to varying extents depending on the corporation involved, on behalf of each of the defendants and that the defendants have breached their agreements to repay such funds to the plaintiffs. It is additionally alleged in each count that the plaintiffs may be liable on certain personal guarantees with respect to certain debts incurred by each corporation.
In Connecticut, punitive damages, or exemplary damages may be awarded in certain instances, including breach of contract actions. Such damages are limited, however, to the plaintiff's expenses of litigation, less taxable costs. See Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116. 127 (1966). In order for punitive damages to be awarded in a breach of contract action, the breach must be founded on tortious conduct. L. T. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, (1986) "Elements of tort such as wanton or malicious injury of reckless indifference to the interest of others giving a tortious overtone to a breach of contract action justify an award on punitive or exemplary damages." Ibid. No such allegations are CT Page 11475 contained in counts one through fifteen even construing them in fashion most favorable to the plaintiffs.
Therefore, the motion to strike is granted as to the claim for punitive damages and attorney's fees.
In summary, for the reasons set forth above, the motion to strike is hereby granted in its entirety.
Bruce W. Thompson, Judge