**In re James Walter McCOY, Debtor.**

**Stanford L. and Eileen K. HOYE, Derivatively as Shareholders of Health Care Associates, Inc. and Stanford Office Park of Boynton Beach, Inc. Plaintiffs,**

v.

**James Walter McCOY and Health Care Associates, Inc. Defendants.**

**Bankruptcy No. 92–2340–8P7.**
**Adv. No. 92–330.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 26, 1993.

Christy F. Harris, Lakeland, FL, for plaintiffs.

Shirley C. Arcuri, Tampa, FL, for James Walter McCoy.

John W. Frost, II, Bartow, FL, for Health Care Associates, Inc.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

On February 21, 1991, James Walter McCoy (Debtor) filed his Voluntary Petition for Relief under Chapter 7. On April 24, 1992, Sanford L. Hoye and Eileen K. Hoye, individually and derivatively as Shareholders of Health Care Associates, Inc. (HCA) and Sanford Office Park of Boynton Beach, Inc. (Sanford) (Plaintiffs), commenced an adversary proceeding. The Plaintiffs in their two Count Complaint sought a declaration that the alleged liability of the Debtor in the amount of $505,846.00 shall be excepted from the overall protection of the general bankruptcy discharge. The claim of non-dischargeability was based on Section 523(a)(2)(A) by alleging that "the Defendant with intent to commit a felonious theft, engaged in an embezzlement scheme whereby he stole, or aided and abetted the theft of $505,846.00 from HCA and the Related Entities" (Count I, ¶ 7). The only allegation in this Count which even remotely intimated, albeit with less than sufficient clarity, the operating elements of a viable claim of non-dischargeability under Section 523(a)(2) is set forth in ¶ 9 in which it is alleged that the Debtor "to accomplish the acts of theft, made false representations to HCA and the Related Entities, in the form of falsified invoices and records of false construction loan costs paid to false corporations" (sic). It is further alleged in ¶ 12 that "the officers and directors relied on the false representation and false records while the Debtor fraudulently misappropriated and embezzled $505,846.00 for his personal benefit". Neither HCA nor the Related Entities were named in the complaint, as party litigants and, of course, there was no claim asserted by or against HCA or the "Related Entities" by the Plaintiffs.

The claim of non-dischargeability in Count II was based on Fla.Stat. § 772.11 (Civil Theft) and sought treble damages pursuant to this Statute. The only reference to any grounds for an exception to discharge was set forth in ¶ 19 in which it was alleged that, as the result of "civil theft," the Debtor obtained money or property (sic) through false pretenses, false representations, or actual fraud. Just as in Count I, there was no claim asserted in this Count by or against HCA or the "Related Entities". Stanford Office Park was named in the Complaint as a Co–Plaintiff and there is nothing in either Count of the Complaint to indicate why it was included, and there was no claim alleged by Stanford Office Park against the Debtor, or that Stanford Office Park is one of the "Related Entities."

In due course the Debtor filed his Answer, admitting some, and denying some, of the allegations set forth by the Plaintiffs in their Complaint. In addition, the Debtor also filed a Motion to Dismiss the Complaint on the grounds that "the Plaintiffs are not creditors of the Debtor and have no standing to bring an adversary proceeding pursuant to Section 523(c) of the Code. In addition, the Debtor also filed a Motion to Strike Count II on the ground that the claim is "inapplicable in this proceeding" (sic).

On November 16, 1992, this Court granted the Motion and dismissed both Counts of the Complaint without prejudice and granted leave to file an amended complaint. The Order did not specify the basis of the dismissal. On December 3, 1992, and thus after July 14, 1992, the original bar date fixed by F.R.B.P. 4007, the Plaintiffs, Mr. and Mrs. Hoye, filed an Amended Complaint styled Stanford L. Hoye and Eileen K. Hoye, Individually and Derivatively as Shareholders of Health Care Associates, Inc. v. James Walter McCoy and Health Care Associates, Inc. The Amended Complaint, which consists of only one Count, included, for the first time, Health Care Associates, Inc. (HCA) as a Defendant and alleged, for the first time, a claim of non-dischargeability under Section 524(a)(4). The basis of Plaintiff's claim was the allegation that the Debtor is guilty of defalcation while acting in a fiduciary capacity. The Plaintiffs in their Amended Complaint also reasserted a claim of non-dischargeability based on Section 523(a)(2) of the Code and now assert a claim on their own

behalf on the ground they are creditors of the Debtor who, according to the allegation set forth in ¶ 6, is indebted to them in an amount "exceeding $3,000". Nothing in the Amended Complaint states any basis for this alleged indebtedness and, not surprisingly, the Plaintiffs do not seek a declaration of non-dischargeability of this sum allegedly owed to them. They only seek a declaration that the sum of $505,846, the monies allegedly embezzled by the Debtor from HCA, should be declared non-dischargeable.

On December 18, 1993, the Debtor attacked the Amended Complaint and sought a dismissal on the grounds that the Amended Complaint is time-barred. It is the contention of the Defendant that a claim of non-dischargeability based on Section 523(a)(4) is time-barred because the Plaintiffs assert this claim for the first time after the expiration of the bar date fixed by F.R.B.P. 4007, and the amendment does not relate back to the original filing date; and the Amended Complaint fails to state a claim because the Plaintiffs failed to allege that the refusal of the board of directors of HCA to institute an action against the Debtor was unreasonable and does not disclose the reasons for the refusal. In addition, the Debtor contends that the Plaintiffs improperly joined two separate claims in one single Count, i.e. the Plaintiffs' personal cause of action and the derivative stockholders' cause of action.

The Motion to Dismiss the Amended Complaint was heard in due course, and on July 9, 1993, this Court entered an Order on the Motion to Dismiss. In its Order, this Court concluded that the Debtor is not indebted to Mr. and Mrs. Hoye; that they are not creditors of the Debtor and, therefore, they have no standing to assert a claim of non-dischargeability individually against the Defendant. Based on Defendant's Motion To Dismiss filed December 18, 1992, this Court dismissed the Amended Complaint with regard to the claims asserted by Mr. and Mrs. Hoye individually, but denied the Motion to Dismiss the claim of non-dischargeability based on Section 523(a)(4). Unfortunately, the Order did not

deal with the following issues: (1) whether the claim may be maintained by Mr. and Mrs. Hoye as stockholders of HCA as a derivative action; (2) whether the amended complaint properly pled a shareholders' derivative action; (3) whether it is time barred; and (4) if not, is there a viable claim filed under Section 523(a)(2). Not surprisingly, on July 19, 1993, the Debtor filed a Motion for Clarification or Motion to Rehear and Reconsider Order. In his Motion, based on F.R.B.P. 9023, the Debtor contends that HCA was added as a party defendant by the Amended Complaint after the bar date fixed by F.R.B.P. 4007(b) and, since the Amended Complaint does not relate back, it should be dismissed as untimely. In ¶ 2 of the Motion, the Debtor contends that HCA is an indispensable party to the derivative action and was not a party to this suit until brought in by the Amended Complaint. According to the Debtor, the original Complaint was only a Complaint by Mr. and Mrs. Hoye individually and since the Court found that they are not creditors of the Debtor, the Complaint was properly dismissed as to them and the original Complaint was in fact a nullity as a stockholders' derivative action. Although it is not very well articulated, the Debtor also contends in his Motion that this Court should clarify the Order of Dismissal of the Amended Complaint by addressing this issue which was raised and argued at the hearing but not specifically dealt with in the Order dismissing the Amended Complaint.

It is not surprising that counsel for the Plaintiffs wasted no time, and on July 26, 1993, filed what is entitled "Plaintiff's Reply to Defendant's Motion to Clarify Order on Motion to Dismiss Amended Complaint or, Alternatively, Motion to Rehear and Reconsider Order." Of course, this is an adversary proceeding governed by Part VII of the Rules and this Court is not aware of anything in the Rules which makes any provisions for the submission like the one filed by counsel for Mr. and Mrs. Hoye. Nevertheless, this Court will consider the points raised in the Plaintiff's "Reply".

First, it is the contention of the Plaintiffs that this Court lacks jurisdiction to consider the Debtor's Motion because F.R.B.P. 9023, which adopts F.R.C.P. 59, permits a request for a new trial and/or to amend a judgment only where there was an actual trial, resulting in the entry of a judgment. Thus, according to the Debtor's suit, since it is without dispute that no trial was ever held in this adversary proceeding and no judgment entered, there is no procedural basis for reconsideration of the Order of July 9, 1993.

■ Considering the initial contention of the Plaintiffs that this Court lacks jurisdiction to consider the Debtor's Motion, this Court is satisfied that the proposition urged is without merit, and that the Plaintiffs' reliance on F.R.C.P. 59, as adopted by F.R.B.P. 9023, is misplaced and is not applicable. There is hardly any doubt that the Court always has authority to reconsider its own decisions. *In re Texlon Corp.*, 596 F.2d 1092, 1100 (2nd Cir.1979); *Wayne Gas Co. v. Owens*, 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557 (1937). As stated by Chief Judge Schwartz in the case of *In re Kress Road Partnership*, 134 B.R. 309 (Bankr.N.D.Ill.1991), *citing, In re BNT Terminals, Inc.*, 125 B.R. 963, 976 (Bankr. N.D.Ill.1990), that while it is true that the purpose of a motion to alter or amend is not to give the moving party a second bite at the apple, it is appropriate to reconsider a previous order to permit the Court to correct a manifest error of law or fact and, of course, newly discovered evidence, which is not applicable in the present instance. In the case of *Kress Road Partnership*, the motion was addressed, just like in the present instance, to an order which granted the defendant's motion to dismiss Counts I, IV, V and VI of the first amended complaint. In *Kress Road Partnership*, no actual trial and final judgment was entered. Nevertheless, the Bankruptcy Court concluded that it was appropriate to reconsider the previous order.

■ Based on the foregoing, this Court is satisfied that the Plaintiffs' contention that this Court has no jurisdiction to consider the Debtor's Motion is without merit

and should be rejected. Since this Court is satisfied that if the Order under consideration is unclear and it is difficult, if not impossible, to determine the legal affect of the Order concerning the status of the claim of non-dischargeability based on defalcation by a fiduciary or embezzlement based on Section 523(a)(4), it is appropriate to reconsider and to clarify the Order of Dismissal entered on July 9, 1993.

This leads to the center and controlling issue of this controversy, which is whether or not the Amended Complaint relates back to the filing date of the original Complaint that was timely filed. Amended supplemental pleadings are governed by F.R.C.P. 15(c), as adopted by F.R.B.P. 7015(c), which provides that:

**(c) Relation Back of Amendments.** An Amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, ...

This question, of course, can only be answered by analyzing the nature of stockholder derivative actions and applicable rules governing procedure of such actions. F.R.P.B. 7023.1, entitled "Derivative Proceedings by Shareholders," adopts Rule 23.1 F.R.C.P. entitled "Derivative Actions by Shareholders" and provides as follows:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer

jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

It is clear that even if the Amended Complaint now could be constructed as a derivative action by shareholders, it does not comply with the Rule just cited. However, these defects are curable provided the Court is satisfied and finds that the Amended Complaint relates back to the original filing date and it is not time barred. In order to resolve this issue, one must consider the controlling law governing stockholder derivative actions. This is so because it is clear that the rules of procedure dealing with derivative actions do not provide substantive law and the validity vel non of a suit by stockholders on behalf of a corporation must be tested by considering the applicable local law. *See, In re Krause,* 114 B.R. 582 (Bankr. N.D.Ind.1988).

It is uniformly established in this State, that a corporation on whose behalf a claim is asserted by stockholders is an indispensable party to a stockholders' derivative action and the absence of a corporate litigant at least as a nominal party divests the court of jurisdiction to entertain a stockholders' derivative action. *Daniels v. Vann,* Fla.App., 396 So.2d 723 (1981); *Alario v. Miller,* Fla.App., 354 So.2d 925 (1978). As stated in *Alario,* in a derivative action, unless a corporation is a party to the litigation, the Court lacks jurisdiction to adjudicate the rights of the corporation in the absence of the corporation being a party, *citing, 13 W. Fletcher, Cyclopedia of Law of Private Corporations § 5997* (rev. ed. 1970); *see also, 19 Am.Jur.2d Corporations § 572* (1965).

In the present instance, it is without dispute that HCA was not named either as a party plaintiff or a defendant in the origi-

nal Complaint. Therefore, this Court clearly had no jurisdiction to entertain the original Complaint to the extent that it attempted to assert a derivative claim on behalf of HCA. In addition, since this Court already concluded that Mr. and Mrs. Hoye were not, and are not, creditors of this Debtor, and that they have no standing to assert a claim of non-dischargeability against the Debtor in their individual capacity, no viable complaint remained that could be cured by an amendment. This being the case, whether or not the Plaintiff now may rely on the relation back doctrine set forth in F.R.C.P. 15(c) is academic since there remained no viable complaint to which the Amended Complaint could have related back. Contrary to the Plaintiffs' contention, the Amended Complaint did not merely add HCA to the Complaint as a party litigant, which is permitted by virtue of F.R.C.P. 21, as adopted by F.R.B.P. 7021. The Amended Complaint asserted for the first time a valid stockholders' derivative claim, albeit not too well articulated, which was clearly after the expiration of the bar date fixed by F.R.B.P. 4007(b).

While this Court initially preserved in its Order of Dismissal the Plaintiffs' right to amend, basically because there was sufficient facts stated, the Court did not consider who could be the proper party to assert such a claim and in what fashion. In retrospect, it is clear that the Order which dismissed the original Complaint and granted leave to amend was in error and should not have been granted.

Based on the foregoing, this Court is satisfied that the Amended Complaint is time-barred and, accordingly, the Debtor's Motion to Clarify Order on Motion to Dismiss Amended Complaint or, Alternatively, Motion to Rehear and Reconsider Order is granted and upon reconsideration the Court finds that it is appropriate to dismiss the Amended Complaint.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Clarify Order on Motion to Dismiss Amended Complaint or, Alternatively, Motion to Rehear

and Reconsider Order be, and the same is hereby, granted.  It is further

ORDERED, ADJUDGED AND DE-CREED that upon reconsideration, the Amended Complaint be, and the same is hereby, dismissed with prejudice.

DONE AND ORDERED.