In re Penelope L. ARMS, Debtor.

Penelope L. Arms, Plaintiff,

v.

Keybank, N.A. and Homeside Lending, Inc., Defendant.

Bankruptcy No. 95–10489.
Adversary No. 98–1056.

United States Bankruptcy Court, D. Vermont.

Aug. 18, 1999.

Lisa Chalidze, Miller, Faignant & Whelton, P.C., Rutland, VT, for plaintiff-debtor.

Douglas Wolinsky, Shireen T. Hart, Saxer, Anderson, Wolinsky & Sunshine, P.C., Burlington, VT, for KeyBank, N.A.

David R. Edwards, Burlington, VT, for Homeside Lending, Inc.

### RULING ON "PARTIAL MOTION TO RECONSIDER" MOTION TO DISMISS COMPLAINT

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.[1]

#### I.

Penelope L. Arms ("the debtor") filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 29, 1995. The court (Conrad, U.S.B.J.) issued orders, on December 21, 1995, confirming the debtor's plan and, on October 9, 1997, confirming a modified plan.

On June 11, 1998, the debtor filed a complaint against KeyBank, N.A. ("KeyBank") and Homeside Lending, Inc. (together "the defendants") alleging lender liability, contractual bad faith, breach of contract and negligence with regard to the administration, both pre-petition and post-petition, of four mortgages held by the defendants on properties owned by the debtor. In her complaint, the debtor seeks compensatory and punitive damages and equitable subordination of debtor's indebtedness to KeyBank.

KeyBank, on August 11, 1998, filed a motion to dismiss the complaint as to it. Judge Conrad, following a hearing on the motion on May 11, 1999, denied the motion by written order dated May 21, 1999. On May 19, 1999,[2] KeyBank filed a pleading entitled "Partial Motion to Reconsider," moving the court to reconsider its denial of the motion to dismiss "to the extent that it

---

1. Sitting by assignment of the Judicial Council of the Second Circuit.

2. Judge Conrad, at the May 11, 1999 hearing, orally denied KeyBank's motion to dismiss, and briefly stated his reasons, including acknowledgment of the decisional authority cited and relied upon by KeyBank in its memorandum in support of its motion to reconsider. (Tr. at 3–4.)

pertains to pre-petition/pre-confirmation claims." (KeyBank's Motion at 1.) Key-Bank bases its argument solely on the same questions of law considered by Judge Conrad in his denial of the motion to dismiss. The debtor opposes the motion to reconsider contending KeyBank's "motion fails to set forth an adequate basis for reconsideration." (Debtor's Opposition at 1.)

## II.

KeyBank's motion, as amended on June 15, 1999, states that it is brought pursuant to Fed.R.Civ.P. 59(e) or Rule 60(b), made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 9023 and Rule 9024. The court concludes that neither of these rules is applicable to KeyBank's motion.

Fed.R.Civ.P. 60(b), entitled "Relief from Judgment or Order," states that the court may grant relief "from a final judgment [or] order." The Advisory Committee Notes accompanying the 1946 amendment to the rules stated that, "The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule...."[3] Similarly, Rule 59(e), entitled "Motion to Alter or Amend Judgment," relates only to motions made after entry of a final judgment. *See, e.g., Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991) ("... Rule 60(b) was not available for relief from an interlocutory order. Rule 59(e) is equally applicable only to a final judgment.")

No final judgment has been entered in this proceeding. Judge Conrad's order denying the motion to dismiss is an interlocutory order. Accordingly, neither Rule 59(e) nor Rule 60(b) provides a basis to support KeyBank's motion.

The Advisory Committee Note to Rule 60, *id.*, states that interlocutory orders, while not within the scope of the rule, "are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Bankruptcy courts have been held to possess sufficient authority, pursuant to their equitable powers under § 105 of the Bankruptcy Code, to modify or vacate their own interlocutory orders. *See, e.g., Coggin v. Coggin (In re Coggin)*, 30 F.3d 1443 (11th Cir.1994) ("The bankruptcy court has the equitable power to correct, modify or vacate its own interlocutory orders.") (citations omitted). While it may be appropriate for a court to reconsider a previous order to correct a manifest error of law or fact or to permit it to consider newly discovered evidence, "the purpose of a motion to alter or amend is not to give the moving party a second bite at the apple." *Hoye v. McCoy (In re McCoy)*, 157 B.R. 705, 708 (Bankr.M.D.Fla.1993). KeyBank asserts no error of fact or new evidence, but merely reasserts its original contentions, claiming that the portion of the complaint based on its pre-petition conduct should have been dismissed. The present court concludes that KeyBank has provided inadequate grounds upon which it should entertain the motion to reconsider.

## III.

For the foregoing reasons, KeyBank's partial motion to reconsider is denied.

It is SO ORDERED.

---

[3]. The present court has examined the Local Rules of Practice and Procedure in Bankruptcy for the District of Vermont and they contain no provision for the filing of motions to reconsider. *Compare with* D.Conn.L.Civ.R. 9(e), made applicable in bankruptcy proceedings in Connecticut by D.Conn.D.CONN.LBR 1001–1 ("Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.")