772 So.2d 574 (2000)
AmSOUTH BANK, Appellant,
v.
Robert J. WYNNE, Edward A. Fernandez; and Ellis Warren, Appellees.
No. 1D99-1925.
District Court of Appeal of Florida, First District.
November 21, 2000.
Barry Richard of Greenberg, Traurig, P.A., Tallahassee; Larry B. Childs, Randall D. Quarles of Walston, Wells, Anderson & Bains, LLP, Birmingham, Alabama, of counsel, for Appellant AmSouth Bank.
Gary B. Tullis, Jacksonville, for Appellee, Ellis Warren.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Cunningham, Clark & Greiwe, P.A., Tampa, for Appellee Edward A. Fernandez.
PER CURIAM.
This is an appeal from a third party action by shareholder directors of Dealers Insurance Co. ("DICO") against AmSouth Bank ("AmSouth") for indemnity as well as fraud and breach of fiduciary duty. This case was tried along with Case No. 99-3330, and is based on the same basic facts as set forth in our opinion in that case.
Fernandez, Warren, and M.L. Vaughn were the founders of DICO. The three *575 were shareholders and directors of DICO. Fernandez and Vaughn were also the founders of Dealers' Underwriting Services ("DUS") which served as an exclusive agent for DICO.
Fernandez and Warren claimed to have relied on AmSouth's predecessor, Orange Bank's responses to confirmation letters to the extent those letters were used in preparation of financial statements for DICO, which they reviewed, although they were not involved in running DICO on a daily basis. They had no direct communication with the bank, but claimed that had they known what was occurring with regard to DICO assets and the hypothecation agreements in 1990, they would have taken steps to remove Vaughn, retrieve DICO assets, and salvage the company. DUS allegedly failed along with DICO.
The Department of Insurance, as receiver, brought actions against Vaughn, as well as Fernandez and Warren, who settled the claims and sought indemnity from AmSouth. The jury ruled in AmSouth's favor on the indemnity claims, but awarded damages to Fernandez and Warren on the fraud claims. AmSouth contends on appeal that the trial court erred in permitting Fernandez and Warren to maintain individual claims that were legally sustainable only as shareholders' derivative actions, and that in doing so, the court permitted a double recovery to occur. We agree and reverse.
Appellant contends the causes of action asserted against it by appellees were for injuries to the corporation, and were not distinct from injuries to shareholders generally, both as to DICO and as to DUS. Our review of the applicable case law convinces us that appellant is correct.
In Alario v. Miller, 354 So.2d 925 (Fla. 2d DCA 1978), the court said:
a stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders. If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual's right to bring it is derived from the corporation. .... If the damages are only indirectly sustained by the stockholder as a result of injury to the corporation, the stockholder does not have a cause of action as an individual.
In the instant case, the damages claimed by appellees flowed primarily from injuries to DICO and DUS, respectively. The injuries to appellees were indirect, indistinct from injuries to other shareholders, and did not provide a basis for their individual suits. See generally In re Sunrise Securities Litigation v. Jacoby, 916 F.2d 874 (3d Cir.1990)(applying Florida law).
Our ruling on this issue is supported by, although not dependent upon, the Eleventh Circuit's recent ruling in Hyatt v. AmSouth Bank, Case No. 00-11286, 233 F.3d 579 (11th Cir., August 30, 2000).
REVERSED. The trial court is directed to enter judgment for appellant.
JOANOS, LAWRENCE and VAN NORTWICK, JJ., CONCUR.