In re Clare Creek (LeDuff) KELSEY, Debtor.

Clare Creek (LeDuff) Kelsey, Plaintiff,

v.

Great Lakes Higher Education Corporation; et al. Defendants/Respondents.

Bankruptcy No. 94–10415.
Adversary No. 00–01034.

United States Bankruptcy Court. D. Vermont.

Jan. 30, 2002.

John Thrasher, Esq., Montpelier, VT, for Debtor/Plaintiff.

Gregory A. Weimer, Esq., Little, Cicchetti & Conrad, PC, Burlington, VT, for Defendant TERI.

Gary L. Franklin, Esq., Eggleston & Cramer, Ltd., Burlington, VT, for Defendant ECMC.

## MEMORANDUM OF DECISION ASSESSING ATTORNEY FEES AND DENYING MOTIONS FOR RECONSIDERATION

COLLEEN A. BROWN, Bankruptcy Judge.

This Court entered its Final Judgment in the above adversary proceeding on October 24, 2001, while reserving jurisdiction for the limited purpose of determining the amount of an award of reasonable attorneys fees and costs in favor of the defendants, Educational Credit Management Corporation ("ECMC") and The Education Resource Institute ("TERI"). ECMC filed the Affidavit of Gary L. Franklin in Support of Award of Sanctions [Dkt. # 216–1] on November 5, 2001 and TERI filed the Affidavit of Gregory A. Weimer in Support of Attorneys Fees [Dkt. # 215–1]. The plaintiff, Clare Creek (LeDuff) Kelsey, filed her Objections to Defendants' Applications for Legal Fees Relating to Spoliation of Evidence [Dkt. 232–1] on November 30, 2001 and her trial counsel filed his Objections by John Thrasher to Fee Applications Filed by Defendant's Counsel on November 26, 2001. Mr. Thrasher also filed a Motion for Leave to File a Belated Motion to Reconsider [Dkt. # 225–1] accompanied by his Motion to Reconsider Decision Granting Defendants' Motion for Sanctions Dut [sic] to Spoliation of Evidence [Dkt. # 227–1], which was joined by the Debtor's Motion for Leave to Join in Motion to Reconsider [Dkt. # 233–1]. The motions to reconsider are opposed by ECMC, which has drawn a reply by Mr. Thrasher. For the following reasons, this Court hereby denies the various motions related to the reconsideration request on procedural and substantive grounds, overrules the objections to the defendants' fee applications in part, and grants an award of reasonable attorneys fees in favor of the defendants.

### 1. Motions for Reconsideration

The first order of business are the motions for reconsideration of this Court's decision granting in part the defendants' joint motion for sanctions against the plaintiff and her counsel related to the spoliation of evidence dispute in the underlying adversary proceeding. As indicated above, plaintiff's counsel acknowledges that the time for filing a motion for reconsideration has expired and seeks leave to file the motion belatedly. The plaintiff joins in Mr. Thrasher's "belated" motion. However, the motions to reconsider do not set forth any basis in law or fact, or provide any procedural basis under the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr.P.) or case law. The Bankruptcy Rules, which incorporate certain procedural requirements of the Federal Rules of Civil Procedure (Fed.R.Civ.P.), do not specifically address motions to vacate or reconsideration and generally consider such motions under Rule 59(e), Fed. R. Civ.P., which is incorporated by Bankruptcy Rule 9023, Fed. R. Bankr.P. See In re Village Craftsman, Inc., 160 B.R. 740, 744 (Bankr.

D.N.J.1993)(and collected cases). Under Bankruptcy Rule 9023 and Rule 59(e), plaintiff and her trial counsel fail to provide legally sufficient grounds to demonstrate excusable neglect for the late filing, and the motions for reconsideration are denied accordingly as untimely.

■ Even *assuming arguendo* that relief is sought pursuant to Bankruptcy Rule 9024, incorporating Rule 60(b), there has been no showing of a manifest error of law or fact or any legal basis to permit this Court to consider any new evidence, thereby precluding the movants from obtaining their requested "second bite at the apple." *See In re Arms,* 238 B.R. 259, 261 (Bankr. D.Vt.1999); *see also West v. Goodyear Tire and Rubber Co.,* 167 F.3d 776, 779 (2nd Cir.1999)(a court has broad discretion in applying appropriate sanctions for spoliation of evidence); *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D. 68, 77 (S.D.N.Y.1991)(courts have discretion to impose adverse inference and monetary sanctions for spoliation of evidence); *see also In re Start the Engines, Inc.,* 219 B.R. 264 (Bankr.C.D.Cal.1998)(court has discretion to impose monetary sanction against party and legal counsel, jointly and severally); *In re Dubrowsky,* 206 B.R. 30 (Bankr.E.D.N.Y.1997)(monetary sanctions may be imposed against debtor and debtor's attorney, jointly and severally). Therefore, the motions related to reconsideration of the final judgment of this Court are denied on procedural and substantive grounds.

2. *Defendants' Requests for Attorneys Fees and Costs*

In approaching the various claims for compensable attorneys' fees and related objections, the Court initially examines the order or judgment allowing the attorneys' fee award to determine the parameters or limitations, if any, pertaining to the award.

In this instance, the Final Judgment dated October 24, 2001 grants the defendants' entitlement to attorneys fees related to the plaintiff's spoliation of evidence as set for in the related Memorandum of Decision, which states in pertinent part:

Regarding the monetary sanction, the Court finds that the defendants are entitled to an award of reasonable legal fees and costs incurred as a result of the spoliation of the subject handwritten notes. The monetary sanction shall be an award of reasonable attorneys' fees and costs attributable to (1) investigating, researching, preparing, and arguing evidentiary motions as to the notes and motions for sanctions based upon the loss of the original notes; (2) discovery, such as depositions, interrogatories and supplemental discovery demands, directly associated with the circumstances of the lost evidence; and (3) any other time and effort required of counsel because of the plaintiff's loss of the subject documents and her failure to notify the Court and counsel of the loss in a timely manner.

Memorandum of Decision Granting in Part Defendants' Motion for Sanctions and Costs Due to Spoliation of Evidence, at pp. 9–10. The plaintiff and her counsel would have this Court apply the foregoing language narrowly to strictly limit any award essentially to the preparation of the defendants' joint sanction motion. Defendants, on the other hand, would have this Court take a sweeping approach in allowing a broad range of legal services as compensable fees and costs, including mixed entries for trial preparation, opposing plaintiff's motion to suppress, and taking the deposition of plaintiff's medical expert. Inasmuch as the plaintiff was able to overcome the adverse evidentiary inference at trial surrounding the loss of the subject handwritten notes, it is improbable that these defense tasks would have been obviated

had the plaintiff preserved the original handwritten notes for use at trial. Nonetheless, this Court rejects the scope of attorneys fees advocated by the litigants in favor of a plain reading and impartial application of the language authorizing recovery of the subject fees.

 Next, in determining a fair and reasonable attorneys fee award in favor of the applicants, this Court is guided by several well settled and fundamental principles applicable to such fee requests. The Court initially looks at the amount of time spent on each task as documented by contemporaneous time records of the moving party to determine the number of hours that are properly compensable. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 528 (2nd Cir.), *cert. den.*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *Miele v. New York State Teamsters Conf. Pension and Retirement Fund*, 831 F.2d 407, 408 (2nd Cir.1987). The Court then decides how much attorney time was reasonably spent on each task. "In calculating the number of 'reasonable hours,' the court looks to 'its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Clarke v. Frank*, 960 F.2d 1146, 1153 (2nd Cir.1992)(quoting *DiFilippo v. Morizio*, 759 F.2d 231, 234 (2nd Cir.1985)). The party applying for legal fees bears the burden of proving the reasonableness of the fees and, to sustain that burden, the party must present a carefully detailed application and supporting documentation. *See In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 832 (Bankr.D.Vt.1987). At the very least, every application for attorneys fees in a bankruptcy case in this District must include a specific analysis of each task for which compensation is sought, since lumping together compensable services with non-compensable services makes it impossible for the Court to determine whether the time allotted for each task is compensable or reasonable. *Id.* The Bankruptcy Court will disallow time for discrete legal services merged together or lacking the requisite specificity in an application for attorneys fees. *Id.* at 832, 834–35. The moving party may also be entitled to recover fees for the preparation of its fee application, but the amount of time spent on the preparation must be reasonable. *Id.*, at 839. Similarly, those challenging an attorney's fee application must articulate their objection with specificity, indicating particular entries that seem unreasonable, rather than expounding conclusory statements that applicant is seeking too much compensation. *Id.*, at 840.

 As for the appropriate hourly rate, the Court is governed by the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *See Blum v. Stenson*, 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Algie v. RCA Global Communications, Inc.*, 891 F.Supp. 875, 894–95 (S.D.N.Y. 1994). While the defendants do not submit specific evidentiary authority concerning an acceptable prevailing rate in this District, this Court is familiar with the reasonable and customary rates concerning the type of services rendered herein pursuant to its regular review and approval of attorneys fee applications in the ordinary course of its business. *See Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir.2001)(reasonable hourly rate for attorneys fees is usually ordinary rate for similar work in community where case has been filed); *Schmidt v. Cline*, 171 F.Supp.2d 1178, 1182 (D.Kan.2001)(federal court has discretion to use other relevant factors, including its own knowledge of prevailing market rates in community, and take judicial notice of prevailing attorneys fee hourly rates); *Coalition to Save Our Children v. State Board of Education of Delaware*, 901 F.Supp. 824, 832–33

(D.Dela.1995)(although movant failed to provide evidence of prevailing market rate, federal court may take judicial notice of prevailing attorneys fee rate in the community).

■ It should also be noted that this Court has taken into consideration the evidence of the debtor's financial circumstances presented during the trial underlying this Court's final judgment granting an undue hardship discharge of her substantial student loan obligations, the reasonableness of the defendants' attorneys fee claims, the minimum sanction necessary to deter future spoliation of evidence, the sanctioned parties' ability to pay, and the magnitude of the offense herein in reaching its determination as to the appropriate amount of an award in this matter. *Compare In re Computer Dynamics, Inc.*, 252 B.R. 50, 65 (Bankr.E.D.Va.1997).

■ In applying the foregoing legal principles to the subject fee applications, this Court has determined that a substantial number of the task entries include mixed matters, some of which are beyond the scope of this Court's sanction award. Because this Court is unable to ascertain which entries relate solely to the spoliation issue, as opposed to pre-trial or trial prep-

arations, the plaintiff's motions to suppress and for Rule 9011 sanctions or other unrelated discovery and motions[1], these entries are deemed legally insufficient and disallowed *in toto.*

■ Based upon a careful review of the affidavits submitted by defense counsel in support of the sanction award, and the opposition filed by the plaintiff and her trial counsel, the Court determines that the reasonable amount of compensable attorney time incurred by counsel for TERI is 4.4 hours and a reasonable amount of compensable attorney time incurred by counsel for ECMC is 14.4 hours.[2] ECMC also requests $610.50 (apparently 3.7 hours at $165/hr.) for time spent in preparing counsel's attorney fee affidavit. However, ECMC's fee affidavit is overbroad in scope, and appears to be at least partly clerical in nature, therefore warranting a reduction in the compensable time incurred to 2.0 hours. Thus, this Court concludes that ECMC's aggregate compensable time is 16.4 hours.[3]

As indicated above, defense counsel for TERI and ECMC have requested compensation at the hourly rate of $145 and $165, respectively. While plaintiff and her counsel object generally, they do not present

[1]. For typical examples of such task description deficiencies, see TERI's billing entries for 1/17/01, 1/22/01, 1/23/01, 1/25/01, 1/29/01, 1/30/01, 2/11/01, 2/12/01, 2/28/01, 3/1/01, 4/11/01; and ECMC's entries dated 1/24/01, 1/25/01, 1/30/01, 2/12/01, 2/26/01, 3/1/01, 3/5/01. While not a factor in evaluating the entries for compensability and likely attributable to other circumstances, it is noted that the respective entries concerning telephone conferences between defense counsel are inconsistent. *See* TERI's telephone entries on 1/22/01, 1/25/01, 4/11/01; and ECMC's entries on 1/23/01, 1/24/01, 2/2/01, 2/07/01, 2/8/012/16/01. These inconsistent telephone call entries are mentioned simply because they illustrate the cause for the Court's difficulty in attempting to allocate time incurred by defense counsel when mixed entries are presented.

[2]. The attorneys' fee entries allowed are as follows:

 *TERI:* 2/1/01 (.3); 2/6/01 (.2); 3/1/01 (3.0); 3/5/01 (.9). Total: 4.4 hrs.
 *ECMC:* 2/1/01 (.4); 2/201 (.3); 2/6/01 (.6); 2/7/01 (.6); 2/8/01 (1.8); 2/16/01 (.8); 2/20/01 (1.5); 2/28/01 (4.7); 3/1/01 (1.5); 3/5/01 (1.7); 3/13/01 (.2); 3/21/01 (.3); fee application (2.0).

[3]. The defendants are not entitled to recover the professional fees charged to defendants for taking the deposition of Dr. Barney or the independent psychological evaluation of the plaintiff, as the defendants have not demonstrated that these expenses were incurred as the result of spoliation of evidence.

any countervailing typical hourly rate or specific amount by which the requested rate should be reduced. Based upon this Court's experience with fee applications and familiarity with the customary prevailing rates in this District for similar matters, the Court deems the $145.00 per hour and $165.00 per hour requested by counsel as reasonable hourly rates, in light of the complexities and the circumstances of the adversary proceeding.

Based upon the foregoing, TERI is awarded $638.00 [for 4.4 hours at $145/hr] and ECMC is awarded $2,706.00 [for 16.4 hours at $165/hr], with each judgment to be entered against the plaintiff and her trial counsel, John Thrasher, jointly and severally, for defendants' attorneys fees incurred in connection with the spoliation of evidence herein; and the motions related to the reconsideration requests filed by the plaintiff and her trial counsel are denied.