443 So.2d 356 (1983)
Eugene J. PARKER and Betty M. Parker, His Wife, Appellants,
v.
The DINSMORE COMPANY, a Corporation, Appellee.
No. AS-421.
District Court of Appeal of Florida, First District.
December 29, 1983.
Robert J. Winicki of Mahoney, Hadlow & Adams, Jacksonville, for appellants.
*357 J.F. Leonard, Jacksonville, and J.W. Harrell of Harrell & Perrine, Jacksonville, for appellee.
ERVIN, Chief Judge.
Appellants, Eugene J. Parker and his wife, Betty M. Parker, appeal from a summary final judgment of foreclosure, contending that issues of material fact remain in dispute which should have precluded summary disposition of this case. We agree and reverse.
The record discloses that the Parkers, facing foreclosure of a Farmers Federal Credit Union (FFCU) mortgage on their homestead property in 1977, agreed to sell the property to Weiss, a real estate broker. The sales agreement provided that Weiss would assume the FFCU mortgage. When FFCU refused to agree to such an assumption, Weiss attempted to secure alternative financing. The Parkers, still facing imminent foreclosure, sought the services of attorney J.W. Harrell. Harrell, a major shareholder and officer in the Dinsmore Company,[1] arranged for the Parkers to mortgage their property to Dinsmore in an attempt to stave off the FFCU foreclosure. Having thus obtained other financing, the Parkers were no longer interested in selling, when Weiss, himself having secured financing, insisted that they perform under the sales agreement. Weiss then sought specific performance of that agreement and prevailed at both the trial and appellate levels. See Parker v. Weiss, 404 So.2d 820 (Fla. 1st DCA 1981).
Throughout that litigation, which finally terminated when the Florida Supreme Court declined to review the case on February 24, 1982, Harrell had at all times represented the Parkers in their efforts to keep their home. Only four months later, and before Weiss was able to close on the property, Harrell, then representing Dinsmore, filed a complaint for foreclosure of the mortgage held by Dinsmore on the Parkers' property. The Parkers answered, affirmatively defending, admitting that they had ceased making payments on the Dinsmore mortgage in May of 1979, but had done so on the advice of Harrell who, then acting as their attorney, allegedly had told them during the pendency of the appeal from the judgment entered in favor of Weiss that if Weiss prevailed on appeal he would have an absolute right to the property. They represented that they were ready and able to cure the default as soon as it was established that Weiss, who they alleged had breached the sales agreement by not closing, had no interest in the property. Finally, they asserted that Dinsmore, due to the actions of its agent, Harrell, had waived its right to accelerate the mortgage and should therefore be estopped from doing so.
Dinsmore subsequently moved for summary judgment of foreclosure, offering affidavits executed by Harrell and by the secretary of Dinsmore which set out the amounts owing on the mortgage. In opposition to the motion for summary judgment, Parker presented an affidavit in which he expanded on the allegations raised in his affirmative defense, stating that Harrell, who had represented him and his wife from December 13, 1977 through April 10, 1982, had failed to disclose to the Parkers his personal and financial interests in Dinsmore, and that as Harrell had also represented Dinsmore's legal interests, a conflict of interest resulted from these dual representations. Additionally, Parker asserted that Harrell had advised them to enter into the mortgage with Dinsmore, knowing that they had already agreed to sell to Weiss; that Harrell was acting as an agent for Dinsmore, and that Dinsmore should therefore be estopped from foreclosing the mortgage, or be found to have waived its right to do so. Dinsmore offered no affidavits to counter the allegations made by Parker and, after an unreported hearing, the trial court granted Dinsmore's motion for summary judgment of foreclosure. The Parkers' property was ordered sold, and, despite the pendency of *358 a timely motion for rehearing filed by the Parkers' alleging newly discovered evidence relating to Harrell's corporate and financial relationship with Dinsmore, the property was sold to Dinsmore on February 28, 1983. As the record does not disclose that all genuine issues of material fact have been resolved, we agree that the summary judgment must be reversed.
It has long been recognized that "[u]pon motion for summary judgment it is the movant's burden to demonstrate, by admissible evidence, the nonexistence of any genuine issue of material fact." Arlen Realty, Inc. v. Penn Mutual Life Insurance Company, 386 So.2d 886 (Fla. 1st DCA 1980) (e.s.). When, as here, the non-moving party has raised affirmative defenses, it is incumbent upon the moving party to "either disprove [those] affirmative defenses or establish their legal insufficiency." Proprietors Insurance Company v. Siegel, 410 So.2d 993, 995 (Fla. 3d DCA 1982). And, more to the point, when, in a foreclosure action, the defendant raises the defense of estoppel and factual disputes remain as to the sufficiency of that defense, summary judgment is inappropriate. See Kerber v. Chadan, Inc., 364 So.2d 1264 (Fla. 4th DCA 1978). Because the granting of a summary judgment "is necessarily in derogation of the constitutionally protected right to trial," Holl v. Talcott, 191 So.2d 40, 48 (Fla. 1966), "[g]reat caution should be exercised in any summary judgment proceedings not to deny a litigant ample opportunity to demonstrate that he is entitled to the benefit of a trial." Stephens v. Dichtenmueller, 216 So.2d 448, 450 (Fla. 1968). This court has therefore consistently stated that
summary judgment "should not be granted unless the facts are so crystallized that nothing remains but questions of law...", Green Valley School, Inc. v. Cowles Florida Broadcasting, Inc., 327 So.2d 810, 817 (Fla. 1st DCA 1976), and if there is "the slightest doubt upon any issue of material fact[,] then ... summary judgment may not be entered." Connell v. Sledge, 306 So.2d 194, 196 (Fla. 1st DCA 1975) (e.s.).
Harris v. Lewis State Bank, 436 So.2d 338, 340 (Fla. 1st DCA 1983) (footnote omitted).
Summary judgment is particularly unsuitable in those cases where "the facts and circumstances indicate a possibility of an estoppel or a waiver." 22 Fla.Jur.2d Estoppel and Waiver § 9 (1980) (e.s.); Macina v. Magurno, 100 So.2d 369, 373 (Fla. 1958). In order to prevail on a theory of waiver, the Parkers will need to present evidence showing action on the part of Dinsmore, or its agent, which misled them into acting in a way they would not have acted had they known Dinsmore would require strict performance under the terms of the mortgage. See Flagler Center Building Loan Corp. v. Chemical Realty Corp., 363 So.2d 344, 347 (Fla. 3d DCA 1978). Whether they can meet their burden is not for us to decide at this time. The summary judgment procedure, however, must not be used as a substitute for trial. Burkett v. Parker, 410 So.2d 947, 948 (Fla. 1st DCA 1982). "The function of the court in passing on a motion for summary judgment is simply to determine whether a genuine issue exists and whether such issue is material; it does not determine the issue... . A party should not be deprived of his full day in court by summary proceedings if the record indicates that he has a bona fide potential cause of action or defense." Monroe v. Appelton, 419 So.2d 356, 357 (Fla. 2d DCA 1982) (e.s. in original).
In the case at bar the Parkers have unquestionably raised genuine issues of material fact which suggest, at the very least, a potential defense. If they can satisfactorily establish, as they have alleged, that Harrell was in fact acting as an agent for Dinsmore in securing a mortgage on their property, and in later advising them to postpone payment on that mortgage until the litigation with Weiss was resolved, then the Parkers may yet prevail on their theories that Dinsmore has waived its right to foreclose, or that, for equitable reasons, it should be estopped from doing *359 so. Genuine and material issues of fact having thus been raised by the Parkers, the burden was upon Dinsmore to come forward with proof of the nonexistence of such issues, or to disprove or demonstrate the legal insufficiency of the defenses of estoppel and waiver. As the record in this case fails to disclose any such demonstration, we conclude that Dinsmore has failed to satisfy the heavy burden placed upon it as the party seeking summary judgment.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, J., and MINER, CHARLES E., Jr., Associate Judge, concur.
NOTES
[1] It does not appear from the record that this fact was known to the Parkers until after Weiss had brought his suit to specifically enforce the contractual agreement, as discussed infra.