DELL, Judge.
This appeal arises out of an action on a promissory note secured by a mortgage. Appellants seek reversal of an order that granted a summary final judgment in favor of appellee on its claim against appellants; granted appellee’s motion for summary judgment on appellant’s counterclaims; granted appellee’s motion to strike appellants’ affirmative defenses; and granted appellee’s motion to strike appellants’ affidavits in opposition to their motion for summary judgment. This court has jurisdiction pursuant to rule 9.130(a)(3)(C)(iv) to review an order that determined the issue of liability in favor of a party seeking affirmative relief.
As part of a financing agreement for a condominium project in St. Lucie County, Florida, appellant Coastal Habitat executed a promissory note secured by a mortgage in favor of appellee. Appellants Frankel, *106 Northcutt, Sr. and Northcutt, Jr. guaranteed the note.
Appellee filed suit against appellants on the note and guarantees alleging a default in the payment of the note. Appellee did not seek foreclosure of the mortgage. Appellants answered, admitting the existence of the note and guarantee but denying the default and amount due. Appellant Coastal Habitat raised the affirmative defenses of setoff, failure of consideration and failure to properly appraise the real property. Appellant Frankel asserted affirmative defenses of setoff for the fair market value of the real property and estoppel. Appellant Northcutt, Sr. filed affirmative defenses that included a defense based on the bank’s refusal to provide releases of its mortgage, usury, negligence in making the loan, and estoppel. Northcutt, Jr. adopted the affirmative defenses filed by North-cutt, Sr. Each of the appellants also filed counterclaims that alleged, among other things, appellee’s failure to process loan applications, to give partial releases, and to give the approvals needed to consummate the loans for sale of the apartments.
Appellants Frankel and Northcutt, Sr. filed affidavits in opposition to appellee’s motion for summary judgment. Appellee responded by filing a motion to strike the affidavits. Appellee claimed that Frankel’s affidavit contradicted statements made in a deposition and that Northcutt, Sr.’s affidavit was not received within twenty-four hours of the hearing. The trial court granted appellee’s motions to strike the affidavits solely on the basis of timeliness. Summary judgment was subsequently entered in favor of appellee.
Appellants contend that the trial court erred when it granted appellee’s motion for summary judgment and appellee’s motion to strike their affirmative defenses because questions of fact exist precluding summary judgment. We agree in part and reverse. Appellants also contend that the trial court erred when it granted appellee’s motions to strike the affidavits in opposition to the motions for summary judgment. We do not need to reach this question because we must reverse the order granting summary judgment.
After carefully reviewing the depositions of Frankel and Honeycutt we find that they contain sufficient testimony to create genuine issues of material fact as to the affirmative defenses and counterclaims based on appellee’s failure to give releases and to process and approve loan applications. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Parker v. Dinsmore Co., 443 So.2d 356 (Fla. 1st DCA 1983). However we find no error in the trial court’s order as it pertains to appellants’ affirmative defenses based upon negligent appraisal of the property, usury, failure to foreclose on the mortgage, and lack of consent to the mortgage modification documents.
We reverse that part of the order granting summary judgment on appellants’ affirmative defenses and counterclaims based upon appellee’s failure to give releases of the units and to process and approve loan applications. We affirm the order in all other respects. We remand this cause to the trial court for further proceedings not inconsistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD and GUNTHER, JJ., concur.