PER CURIAM.
This is an appeal by one of several defendants in a multi-count action brought by appellee, a Danish institution which lent funds for construction of a greenhouse to grow and market premium produce on twenty-one acres in St. Lucie County. We reverse and remand with direction to proceed in accordance herewith.
The action was brought against appellant, Stone, and two others, Klassen and Watson, in their (1) individual capacity; (2) capacity as copartners of a Florida general partnership, Indian River Management Group (IRMG); and (3) capacity as copart-ners of IRMG, the general partner of Indian River Partners, Ltd. (IRP), a Florida limited partnership. Two other entities were also named defendants, Indian River Greenhouse (IRG), a Florida corporation, and Florida National Bank.
The nature of the action was to (1) foreclose a mortgage upon the real property owned by Stone, Klassen and Watson as partners in IRMG; (2) obtain appointment of a receiver; (3) foreclose IRG’s contract rights under a marketing contract; (4) foreclose all of the parties’ interests under a security agreement; and (5) obtain damages from Stone, Klassen and Watson individually and as partners in each partnership for breaches of contract and fiduciary duty and for conversion.
Stone, Klassen and Watson filed motions to abate, each claiming that he was no longer a partner in IRMG. Stone subsequently filed an answer, affirmative defenses, counterclaim and third-party complaint individually and as a co-general partner of IRMG operating as general partner of IRP. Absent therefrom was any reference to himself as a partner of IRMG, perhaps because of his resignation.
When plaintiff sought summary judgment against all of the defendants, Stone filed an affidavit in opposition thereto, asserting that all of the allegations in his answer, affirmative defenses and counterclaim were true and correct and adding these paragraphs:
3. Due to the express waiver by PRI-VATBANKEN of the timely payment of principal and interest under the subject loans and the waiver by PRIVATBANKEN of all material operating covenants under the subject loans, said loans were not and are not in default.
4. PRIVATBANKEN waived the requirement that payments under the Credit Agreement be made on November 28th, 1988, and all subsequent payments until the property could be sold by the Defendants. David Vest's Affidavit filed in support of the Motion for Partial Summary Judgment, and in particular Paragraph 7, is not correct.
*884 Examination of the record leads us to conclude that this case is similar to Parker v. Dinsmore Co., 443 So.2d 356 (Fla. 1st DCA 1983), and compels the same result. All of the assertions raised by Stone are intertwined with the right of appellee to declare defaults and foreclose on the mortgage. The counterclaim describes a series of allegations against the lender which were harmful to IRP and, if proven, could prevent default and foreclosure.
In severing all of the other matters from the foreclosure of the mortgage, the trial court failed to specify clearly all of the claims being severed. On remand all of the severed claims affecting the claimed default must be determined before the foreclosure can be finalized. All claims which the trial court failed to include in the severance which do not impinge on the foreclosure, as well as all severed claims not affecting foreclosure, should be considered thereafter.
We realize the trial court did not have the benefit of Haven Fed. Sav. & Loan Ass’n v. Kirian, 579 So.2d 730 (Fla.1991), which makes severability of all other claims than the foreclosure a discretionary decision under Florida Rule of Civil Procedure 1.270(b) rather than a compulsory one under section 702.01, Florida Statutes (1989).
GLICKSTEIN, GUNTHER and GARRETT, JJ., concur.