ON MOTION FOR REHEARING
THOMAS, P., Associate Judge.
We grant the appellees’ motion for rehearing, withdraw our prior opinion, and substitute for it the following:
The appellant, Stephen A. Hill, seeks review of the trial court’s summary final judgment entered against him as to two counts (XVIII and XIX) of his amended complaint. We affirm.
Hill is the minority shareholder in a closely held Florida corporation known as Photon Sales, Inc. Hill owns 45% of the stock; the Bradys own the remaining 55% of the stock.[1] Photon’s business was to act as a sales representative for several major semi-conductor manufacturers. Hill not only served as a director and vice-president of the corporation, but was employed by Photon as a sales representative. Donald Brady was a director and president of Photon; his wife, Blenda Brady, was a director and the chief financial officer of the corporation.
Photon was a successful corporation that paid substantial salaries to both Donald Brady and Blenda Brady from 1990 through 1995. In addition to their salaries, each shareholder received a pro rata share of the net profits each year. In 1995, Donald Brady sought to change the method of compensation for his position by unilaterally increasing his salary and directing his wife, as the chief financial officer, to pay him a $50,000 bonus.[2] At that time, the relationship between Hill and the *1244 Bradys had[1] begun to deteriorate, culminating in the resignation of Donald Brady as an officer and director of Photon on November 1, 1996, and his creation of a competing company, Mega Technologies, Inc.
Prior to creation of Mega Technologies, the Bradys attempted to buy Hill’s stock in Photon at a price which Hill claimed to be substantially less than its true value. If Hill did not agree to sell his shares on the Bradys’ terms, the Bradys threatened to “burn the house down.” Hill alleges that the Bradys did just that. By the end of November, 1996, all of the employees of Photon (except Hill and Blenda Brady) had resigned from Photon and had been hired by Mega Technologies. All the manufacturers represented by Photon had withdrawn their business and, except for two companies, had entered into contracts with Mega Technologies. Mega Technologies began operating out of the premises previously occupied by Photon, and used Photon’s equipment to operate business. Photon lost its business and Hill’s stock in Photon was rendered worthless, leading to the complaint filed herein.
In the two counts of the complaint that were the subject of the summary judgment, Hill sought damages from the Bra-dys individually on the theory that the Bradys conspired to, and did indeed, breach the fiduciary duty owed to Hill as a minority shareholder. The trial court granted the Bradys’ motion for summary judgment, agreeing with the Bradys’ assertion that because the damages alleged by Hill were only sustained as a direct result of injury to Photon, Hill’s direct action against the Bradys was barred.
While a derivative suit is an action by which a stockholder seeks to enforce a right existing in the corporation, a direct or individual suit is brought to enforce a right of action existing in a stockholder. As stated by the court in Citizens National Bank of St. Petersburg v. Peters, 175 So.2d 54, 56 (Fla. 2d DCA 1965):
What these definitions attempt to convey is that a stockholder may bring a suit in his own right to redress an injury sustained directly by him, and which is separate and distinct from that sustained by other stockholders. If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the corporation and the individual’s right to bring it is derived from the corporation.
Upon close examination of the pertinent allegations in Hill’s complaint, we agree that the trial court was correct in entering summary judgment for the Bradys. The allegations show that any injury to Hill was primarily caused by the alleged injury to Photon. The allegations are that the Bradys’ actions adversely affected Photon’s business, thus causing Hill’s stock to become worthless. The damages sought by Hill are tied directly to the alleged losses of the corporation. Therefore, the claims in these two counts are derivative in nature. See Alario v. Miller, 354 So.2d 925 (Fla. 2d DCA 1978). The final summary judgment of the trial court is affirmed.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ„ concur.

. Donald Brady owns 50% of the stock and Blenda Brady, Donald’s wife, owns 5%.

. While Hill disputes whether Brady returned the bonus, it is immaterial to the issues raised on appeal.