868 So.2d 600 (2004)
FLORIDA DEPARTMENT OF FINANCIAL SERVICES, Appellant,
v.
ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., Appellee. and
Associated Industries Insurance Company, Inc., Cross-Appellant,
v.
Florida Department of Financial Services, Cross-Appellee.
Nos. 1D03-0538, 1D03-0542.
District Court of Appeal of Florida, First District.
March 5, 2004.
*601 Charlie Crist, Attorney General; Christopher M. Kise, Solicitor General and Louis F. Hubener, Chief Deputy Solicitor General, Tallahassee, for Appellant.
Elliot B. Kula, Esq. of Greenberg Traurig, P.A., Miami; Barry Richard, Esq. of Greenberg Traurig, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellant/Cross-Appellee, the Florida Department of Financial Services ("DFS"), appeals the trial court's Corrected Final Judgment determining that appellee/crossappellant, Associated Industries Insurance Company ("AIIC"), was entitled to recover $3,253,657 from the Florida Department of Labor and Employment Security ("DLES")[1] because DLES was not authorized *602 to collect assessments on ceded reinsurance premiums for Florida's Special Disability Trust Fund and Workers' Compensation Administration Trust Fund for the first half of the year 2000. The agency had sought $5,551,281 in underpaid assessments from AIIC, which AIIC paid under protest. DFS contends that the trial court erred in failing to strike the supplemental affidavit of Mary Ann Stiles filed on April 5, 2002, by AIIC in support of its motion for summary judgment because of the affidavit's improper content and its untimeliness. We agree and, therefore, reverse the Corrected Final Judgment and remand for further proceedings.
As to the content of the supplemental affidavit, pursuant to Florida Rule of Civil Procedure 1.510(e), supporting and opposing affidavits for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... The court may permit affidavits to be supplemented or opposed by ... further affidavits." An affidavit in support of summary judgment may not be based on factual conclusions or conclusions of law. Jones Constr. Co. of Cent. Fla., Inc. v. Fla. Workers' Comp. Jua, Inc., 793 So.2d 978, 979 (Fla. 2d DCA 2001). "The purpose of the personal knowledge requirement is to prevent the trial court from relying on hearsay when ruling on a motion for summary judgment ... and to ensure that there is an admissible evidentiary basis for the case rather than mere supposition or belief." Pawlik v. Barnett Bank of Columbia County, 528 So.2d 965, 966 (Fla. 1st DCA 1988).
Stiles' supplemental affidavit contains statements that are not based upon her personal knowledge. Rather, Stiles' statements are based upon her "understanding" of the underlying issues and her "opinion" of such issues. Moreover, Stiles' supplemental affidavit contains inadmissible hearsay evidence.
With respect to the timeliness of the supplemental affidavit, while a trial court may permit affidavits to be supplemented by additional affidavits, we have previously held that, under rule 1.510(e), a movant may file supplemental affidavits less than twenty days prior to the summary judgment hearing only upon written stipulation and agreement by the adverse party affected or upon leave of court granted by written order after written application, notice to the adverse party, and the opportunity for a hearing. See Marlar v. Quincy State Bank, 463 So.2d 1233, 1234 (Fla. 1st DCA 1985). This construction of rule 1.510(e) properly advances the policy that a party opposing a summary judgment motion must be given adequate time to respond. See Gulliver v. Tex. Commerce Bank, 787 So.2d 256, 259 (Fla. 5th DCA 2001).
Here, there was no written stipulation or leave of court to file the supplemental affidavit. Furthermore, AIIC provided the affidavit to DLES only three days prior to the summary judgment hearing. As a result, DLES was not provided sufficient time to respond to the affidavit.
Accordingly, the trial court erred in not striking Stiles' supplemental affidavit. Because it appears that the trial court relied upon this affidavit in granting AIIC's motion for summary judgment, we reverse the Corrected Final Judgement and remand for further proceedings consistent with this opinion. We note that our disposition as to this issue has rendered our consideration of the remaining issues on appeal and the issues on cross-appeal unnecessary.
*603 REVERSED and REMANDED for further proceedings.
WEBSTER, LEWIS and HAWKES, JJ., CONCUR.
NOTES
[1] The proceedings below occurred when DLES administered the workers' compensation laws. The Division of Workers' Compensation was subsequently transferred to DFS, the appellant in this appeal.