903 So.2d 311 (2005)
Henry A. MORRONI and F. Annette Morroni, Appellants,
v.
HOUSEHOLD FINANCE CORPORATION III, a Delaware corporation, Appellee.
No. 2D04-2846.
District Court of Appeal of Florida, Second District.
June 8, 2005.
Ralph P. Richard of Law Office of Ralph P. Richard, Fort Myers, for Appellants.
Enrico G. Gonzalez, Temple Terrace, for Appellee.
CANADY, Judge.
Henry Morroni and Annette Morroni appeal the trial court's order granting summary judgment in favor of Household *312 Finance Corporation in the mortgage foreclosure action filed by Household against the Morronis. The Morronis raised three points on appeal. The first two points are without merit, but the third point warrants reversal.
On February 17, 2004, Household filed a motion for summary judgment. On March 2, 2004, the Morronis filed a memorandum of fact and law in opposition to the motion. The memorandum pointed out the twenty-eight affirmative defenses raised by the Morronis and that Henry Morroni had filed an affidavit in opposition to an earlier motion for summary judgment filed by Household in 2001.[1] Despite the affidavit and the affirmative defenses, the trial court granted summary judgment, finding that no affidavits had been filed and that there did not appear to be any genuine issue of material fact in need of determination.
The Morronis argue, and we agree, that the trial court erred in granting summary judgment. Household's complaint filed in June 2001 alleged that the Morronis failed to make payments on their mortgage from March 2001 onward. The twenty-eight affirmative defenses alleged, among other things, that the Morronis made advance payments towards the mortgage for the months of March, April, May, June, July, and August of 2001. Household never factually refuted the affirmative defenses or established that they were legally insufficient. Therefore, Household did not establish its entitlement to summary judgment. See Jones v. City of Winter Haven, 870 So.2d 52 (Fla. 2d DCA 2003) (holding that the party seeking summary judgment must not only establish that no genuine issues of material fact exist as to the party's claims but must also either factually refute the affirmative defenses or establish that they are legally insufficient); Manassas Inves., Inc. v. O'Hanrahan, 817 So.2d 1080 (Fla. 2d DCA 2002) (holding that in order for the movant to prevail on a summary judgment motion, movant must either factually refute the affirmative defenses or establish that they are legally insufficient). In addition, the trial court should have considered the affidavit filed by Henry Morroni in 2001, which alleged facts in support of the affirmative defenses, in determining whether summary judgment was appropriate. See Fla. R. Civ. P. 1.510(c) ("The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact....").
Accordingly, we reverse the trial court's order of summary judgment and remand for further proceedings.
DAVIS and KELLY, JJ., Concur.
NOTES
[1] In 2001, Household filed a motion for summary judgment and Henry Morroni filed an opposing affidavit. The motion was never ruled on by the trial court because the foreclosure action was voluntarily dismissed by Household. However, the trial court later granted relief from the dismissal, which it found to be fraudulent, and reinstated the action. Household then filed another motion for summary judgment in 2004.