910 So.2d 953 (2005)
WEST EDGE II, a Delaware corporation, Appellant,
v.
Gale N. KUNDERAS, Appellee.
No. 2D04-5320.
District Court of Appeal of Florida, Second District.
September 23, 2005.
Rebecca O'Dell Townsend of Haas, Dutton, Blackburn, Lewis & Longley, P.L., Tampa, for Appellant.
Roland D. Waller of Waller, Mitchell & Barnett, New Port Richey, for Appellee.
NORTHCUTT, Judge.
More than a year after Gale Kunderas sold some residential property to West *954 Edge II, she filed suit to reform the deed and mortgage to exclude a portion of the property she had conveyed. Kunderas eventually filed a boilerplate motion for summary judgment, and then another. The circuit court granted her second motion and entered a judgment reforming the deed and mortgage as she requested. We reverse because the record neither demonstrated Kunderas's entitlement to judgment on her claim nor overcame West Edge's affirmative defenses.[1]
The original warranty deed to the property, and the mortgage encumbering it, contained a metes and bounds description that included a waterfront parcel the parties refer to as a mooring lot (lot 55M), as well as a landlocked parcel (lot 55). That deed also contained the statement that "Lot 55, Section 14-G, Flor-a-Mar and Mooring Lot 55M as herein described may not be sold separately or independent of each other." Approximately one month after recording that deed, Kunderas recorded a corrective warranty deed, which recited that it was executed and recorded to correct the legal description contained in the original deed. The metes and bounds descriptions in both the original and the corrective deeds were identical. The corrective deed merely omitted the language quoted above.
Kunderas's complaint for reformation averred that the legal description of the mooring lot was mistakenly included in the deed and mortgage. West Edge denied this allegation. It further raised affirmative defenses alleging that there had been no mutual mistake, that Kunderas was not entitled to equitable relief and that she was prevented or estopped from seeking the reformation because of the Declaration of Restrictions and Covenants for the Flor-a-Mar subdivision. West Edge attached a copy of these restrictions, and pointed to a specific paragraph that stated, in part:
Said Boat Mooring Lots shall be sold by Declarant only to purchasers of certain other lots in Flor-a-Mar Section 14-G Phase Two. Thereafter, regardless of the manner in which title may be acquired, ownership of a Boat Mooring Lot shall not be transferred separately from ownership of the other lot which was acquired simultaneously with the Boat Mooring Lot.
Kunderas filed an affidavit with her first motion for summary judgment. It asserted that the deed included the mooring lot, that the mooring lot was not included in the parties' contract for purchase and sale, and that neither she nor West Edge knew of this mistake. The affidavit did not address West Edge's affirmative defenses.
Kunderas's affidavit was insufficient as a basis for the summary judgment for several reasons. First, an affidavit in support of a motion for summary judgment must be made on personal knowledge. Fla. R. Civ. P. 1.510(e). Kunderas's affidavit did not satisfy that requirement. For example, she could not have had personal knowledge of what West Edge knew or did not know, particularly in the face of West Edge's denial of a mistake in its answer. The affidavit also contained Kunderas's opinion about what the sale contract did or did not include. See Fla. Dep't of Fin. Servs. v. Associated Indus. Ins. Co., 868 So.2d 600, 602 (Fla. 1st DCA 2004) (noting that a statement of the affiant's "opinion" is not *955 a statement based on personal knowledge).
Most important, the affidavit in no way refuted West Edge's affirmative defenses. The party seeking summary judgment must not only show that there are no genuine issues of material fact, it must also factually refute any affirmative defenses or show that they are legally insufficient. See Morroni v. Household Fin. Corp. III, 903 So.2d 311, 312 (Fla. 2d DCA 2005); Jones v. City of Winter Haven, 870 So.2d 52, 55 (Fla. 2d DCA 2003).
Kunderas's affidavit and the record as a whole neither established her claim nor refuted West Edge's affirmative defenses. As such, the circuit court improperly entered summary judgment in Kunderas's favor. See Morroni, 903 So.2d at 312; Jones, 870 So.2d at 56.
Reversed and remanded for further proceedings.
WALLACE, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.
SILBERMAN, Judge, Specially concurring.
I concur with the majority decision to reverse because Gale Kunderas's affidavit did not refute or even address West Edge's affirmative defenses. However, the majority opinion also discusses other possible deficiencies in Kunderas's affidavit. I cannot join in that portion of the opinion for two reasons.
First, the affidavit contains the statement that it is based on Kunderas's "personal knowledge of the information contained in this affidavit." West Edge has never challenged the affidavit on the ground that it was not based on personal knowledge, and it does not make this argument on appeal.
Second, the affidavit contains the statement that the legal description in the deeds included a mooring lot legal description, which was not included in the agreement to sell. Again, West Edge has never argued and I do not agree with the majority that Ms. Kunderas's mere recitation of what is or is not contained in the documents is an improper expression of opinion that would require reversal. Further, the case cited by the majority, Florida Department of Financial Services v. Associated Industries Insurance Co., 868 So.2d 600 (Fla. 1st DCA 2004), is distinguishable. There, the court noted that a party's supplemental affidavit contained statements that were not based on the affiant's personal knowledge. Instead, the statements were based on the affiant's "`understanding' of the underlying issues and her `opinion' of such issues," and the affidavit contained "inadmissible hearsay evidence." Id. at 602.
Thus, I agree with our reversal of the final judgment but only on the basis that Ms. Kunderas's affidavit did not refute West Edge's affirmative defenses.
NOTES
[1] Kunderas claims that the circuit court struck West Edge's affirmative defenses. The record contains her motion to dismiss West Edge's counterclaim and her motion to strike its affirmative defenses. While the court did dismiss the counterclaim, the record contains no order striking the affirmative defenses.