KELLY, Judge.
 

 Anthony J. Francel appeals from the final summary judgment entered in favor of Gries Investment Fund, LLC, in an action for breach of a stock buyback agreement. Because Francel’s affidavit filed in opposition to Gries’s motion for summary judgment raised genuine issues of material fact, the trial court erred when it granted Gries’s motion. Accordingly, we reverse.
 

 Gries sued Francel for breach of a stock buyback agreement. According to Gries, Francel executed a stock buyback agreement in which he agreed to purchase from Gries 50,000 shares of the common stock of Alternative Construction Technologies, Inc., on or before a certain date. When Francel did not buy back the shares, Gries sued him for breach of contract. In his answer, Francel raised the defense of usu
 
 *270
 
 ry and also alleged that he had discharged his obligation under the contract. These defenses, which are admittedly not well spelled out in Francel’s answer, are more fully developed in his affidavit in response to Gries’s motion for summary judgment and in Francel’s motion for summary judgment and the documents filed in connection with that motion.
 

 With regard to discharge, in his filings Francel contends the buyback agreement contains a provision specifying the remedy for failure to repurchase the stock by the closing date, and he contends he has fulfilled his obligation under that provision. Specifically, he points to the paragraph titled “Failure to Complete Stock Buyback” which states that if he does not complete the repurchase by the closing date, he is “to deliver to Seller all stock interests owned by [Francel], their family members, or related entities within 5 business days of the Closing Date.” In his affidavit Francel states he has complied with this provision.
 

 Francel argues in the alternative that the stock buyback agreement was one of two separate but contemporaneous transactions, the second transaction being his sale of the 50,000 shares of stock, valued at $200,000, to Gries for $50,000. Francel contends that the stock sale and buyback agreements are nothing more than an attempt to disguise a usurious loan, particularly if, as Gries contends, the stock buyback agreement unconditionally obligated him to repurchase the stock.
 
 See, e.g., Bermil Corp. v. Sawyer,
 
 353 So.2d 579 (Fla. 3d DCA 1977).
 

 Francel argues, and we agree, that the trial court erred in granting summary judgment because Gries never factually refuted these affirmative defenses or established that they were legally insufficient. Consequently, Gries did not establish its entitlement to summary judgment.
 
 See,
 

 e.g., Morroni v. Household Fin. Corp., III,
 
 903 So.2d 311 (Fla. 2d DCA 2005) (explaining that a party seeking summary judgment must either factually refute the other party’s affirmative defenses or establish that they are legally insufficient);
 
 Manassas Inv., Inc. v. O’Hanrahan,
 
 817 So.2d 1080 (Fla. 2d DCA 2002) (holding that in order for the movant to prevail on a summary judgment motion, the movant must either factually refute the affirmative defenses or establish that they are legally insufficient). In evaluating the sufficiency of Francel’s affirmative defenses, the trial court should have considered Francel’s affidavit and accompanying documents which alleged facts in support of his affirmative defenses.
 
 See
 
 Fla. R. Civ. P. 1.510(c).
 

 Accordingly, we reverse the trial court’s order of summary judgment and remand for further proceedings.
 

 WHATLEY and SILBERMAN, JJ., Concur.