IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEPHEN JOHNS,

     Appellant,

v.

KIRK DANNELS, ETC. ET AL.,

     Appellees.

Case No.  5D14-1602

_____/

Opinion filed March 4, 2016

Appeal from the Circuit Court
for Brevard County,
John Dean Moxley, Jr., Judge.

Eric A. Lanigan, of Lanigan & Lanigan, PL,
Winter Park, for Appellant.

Aaron B. Thalwitzer, of Widerman & Malek,
Melbourne, for Appellee.


PER CURIAM.

     We review the propriety of an order granting summary judgment in this dispute

between two members of a small limited liability company.  Concluding that questions of

fact precluded summary judgment, we reverse.

     Appellant, Appellee, and a third individual, who is not a party to this action, formed

a limited liability company to sell a type of sun visor product marketed as "Vizers."

Appellant owns a fifty-percent interest in the company.  Appellee owns a thirty-percent

interest. The unnamed third individual owns the remaining twenty percent. A dispute arose between the parties culminating in Appellee filing the instant action "individually . . . and on behalf of [the company]." Appellee did not name the twenty-percent owner as either a plaintiff or defendant.[1]

Appellant answered and denied the allegations of the complaint. Thereafter, Appellee moved for summary judgment and filed a supporting affidavit. Appellant, acting without counsel at the time, filed an unsworn response to the motion.[2] Accordingly, the issues on appeal pertain to the sufficiency of Appellee's affidavit.[3]

In his affidavit, Appellee alleged that Appellant "orchestrated the sale of the assets" of the company without the consent of the other members. In a different paragraph, Appellee alleged that Appellant "purported to sell the assets" of the company. The affidavit also alleged that Appellee demanded an accounting from Appellant, but Appellant refused to provide the accounting. Finally, Appellee asserted in the affidavit that he was wrongfully expelled from the company and, at the time, the "capital account balance . . . was $45,000." Appellee did not identify the date on which he was purportedly expelled.

---

[1] The failure to join an indispensable party was not raised as an issue on appeal.

[2] Appellant also filed an affidavit attempting to authenticate records.

[3] Although the trial court also considered the verified complaint, because the oath was based on "knowledge and belief," it was facially insufficient to support summary judgment. *E.g., Ballinger v. Bay Gulf Credit Union*, 51 So. 3d 528, 530 (Fla. 2d DCA 2010) (verified complaint based on "knowledge and belief" cannot be considered in support of motion for summary judgment).

After a hearing, the trial court entered summary judgment in favor of Appellee and against Appellant for $45,000, plus fees and interest. It also ordered the removal of Appellant as a "managing member" of the company.

We conclude that the affidavit in support of summary judgment was woefully insufficient to support the award. Although it alleged that Appellant "orchestrated" and "purported" to sell assets of the company, it did not allege that he actually sold the assets, much less that Appellant diverted the proceeds of any such sale to his personal account, rather than use the funds for legitimate purposes. Even if we inferred such an assertion, the affidavit failed to provide any predicate to show how Appellee was aware of the asserted facts, which are set forth as mere conclusions. Pursuant to Florida Rule of Civil Procedure 1.510(e), affidavits made in support of summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An affidavit in support of summary judgment may not be based on mere conclusions of fact or law. *Fla. Dep't of Fin. Servs. v. Associated Indus. Ins. Co.*, 868 So. 2d 600, 602 (Fla. 1st DCA 2004). The personal knowledge requirement found in rule 1.510(e) is meant to prevent the trial court from relying on hearsay when deciding a motion for summary judgment. *Id.*

Here, it is not possible to determine how Appellee came to have knowledge of the facts he asserted in his affidavit. The conclusory assertion that he is basing the affidavit on "personal knowledge" does not satisfy the rule's requirement that he "show affirmatively that [he] is competent to testify" and that he "set forth such facts as would be

3

admissible in evidence." A factual predicate for the testimony is required, just as it would be required at trial.

We also find error in the award of damages based on the balance of the "capital account" on some unspecified date. Besides the fact that the assertion is a mere conclusion without proper foundation, Appellee offered no explanation of what a "capital account" represents for this company. Further, Appellee did not assert that the money was somehow diverted from the company or explain why his measure of damages as a thirty-percent owner of the company should equal the entire value of the "capital account."

Accordingly, the summary judgment is reversed, and this cause is remanded for further proceedings.

REVERSED AND REMANDED.


LAWSON, C.J., and LAMBERT, J., concur.
TORPY, J., concurs specially with opinion.

4

TORPY, J, concurring specially.

I fully concur in the majority opinion. I write separately to address issues that have not been raised in an effort to avoid yet another appeal. The two-count complaint here is far from a textbook example of proper pleading. It contains a claim on a contract that fails to join the third party to the contract—clearly an indispensable party to this action. The contract count incorporates numerous irrelevant paragraphs and alleges purported breaches that are not causally tied to any damage theory. For example, it alleges that Appellant breached contract provisions by making a loan to the company and by making a capital call without the consent of the other members. It does not allege how these purported breaches caused any damages, and it is difficult to imagine how any damages resulted from these purported breaches. Although the complaint asserts that the company "must be dissolved" and "wound up," it makes a contradictory demand for the "unraveling [of] the sale of [the company's] assets."

The statutory claim clearly belongs to the company, not the minority member. *Hill v. Brady*, 737 So. 2d 1243, 1244 (Fla. 5th DCA 1999). Appellee apparently attempted to bring a derivative action but woefully failed to meet the pleading dictates of section 608.601(2), Florida Statutes (2013). Whether the company was made a party is unclear from the record. If it was not a party, it should have been. *See Daniels v. Vann*, 396 So. 2d 723, 723 (Fla. 4th DCA 1981) (corporation is indispensable party in action "on behalf of" corporation). If it was a party, the final order makes no disposition of the derivative claim. The company party is left dangling. Instead of seeking damages for the company, Appellee demanded and obtained a damage award for himself.

5