TORPY, J,
concurring specially.
I fully concur in the majority opinion. I write separately to address issues that have not been raised in an effort to avoid yet another appeal. The two-count complaint here is far from a textbook example of proper pleading. It contains a claim on. a contract that fails to join the third party to the, contract — clearly an indispensable party to this action. The contract count incorporates numerous irrelevant paragraphs and alleges purported breaches that are not causally tied to any damage theory. For 'example, it alleges that Appellant breached contract provisions by making a loan to the company and by making a capital call without the consent of the other members. It does not állege how these purported breaches caused any damages, and it is difficult to imagine how any damages resulted from these purported breaches. Although the complaint asserts that the company “must be dissolved” and “wound up,” it makes a contradictory demand for the “unraveling [of] the sale of [the company’s] assets.”
*623 The statutory claim clearly belongs to the company, not the minority member. Hill v. Brady, 737 So.2d 1243, 1244 (Fla. 5th DCA 1999). Appellee apparently, attempted to bring a derivative action but woefully failed to meet the pleading dictates of section 608.601(2), Florida Statutes (2013). Whether the company was made a party is unclear from the record. If it was not a party, it should have been. See Daniels v. Vann, 396 So.2d 723, 723 (Fla. 4th DCA 1981) (corporation is indispensable party in action “on behalf of’ corporation). If it was a party, the final, order makes no disposition of the derivative claim. The company party is left dangling. Instead of seeking damages for the company, Appellee demanded and obtained a damage award for himself.